[No. 12791-1-II.   Division Two.   July 10, 1991.]

THE STATE OF WASHINGTON, *Appellant,* v. MARTIN GONZALEZ RODRIGUEZ, *Respondent.*

*John W. Ladenburg, Prosecuting Attorney,* and *Chris Quinn–Brintnall, Senior Appellate Deputy,* for appellant.

*Clayton R. Dickinson,* for respondent (appointed counsel for appeal).

MORGAN, J.—On November 4, 1988, the police watched the defendant engage in what appeared to be a drug transaction on the street. They arrested him and found both cocaine and heroin in his sock.

The defendant was not charged with the apparent delivery. Rather, he was charged in count 1 with possession of a controlled substance with intent to deliver, to wit, cocaine, and in count 2 with possession of a controlled substance with intent to deliver, to wit, heroin. A jury convicted on both counts.

At sentencing, the parties agreed that the defendant's offender score should include 2 points for prior offenses. Additionally, the State contended that the offender score should include a third point for current offenses, but the defendant contended to the contrary. The trial court adopted the defendant's position and imposed two concurrent sentences of 27 months each. This was the top of the standard range for an offender with a score of 2. Coincidentally, the two concurrent 27–month sentences were also within the 26– to 34–month standard range for an offender with a score of 3. The State appealed.[1]

Preliminarily, we hold that the State has the right to appeal the offender score, notwithstanding that the sentences actually imposed (27 months) coincidentally fell within the standard range for 3 points (26 to 34 months). Effective September 1, 1990, RAP 2.2(b) was amended so as to give the State the right to appeal a miscalculation of the

---

[1]At sentencing, the trial court allowed the defendant to describe an unpublished opinion issued by a commissioner of this court in a different case. The State also appeals on this point, arguing that counsel should not be permitted to describe or even mention an unpublished opinion to a trial court. We decline to decide the issue, for to do so is unnecessary to the resolution of the case.

standard range.[2] Like the rule itself, the amendment was procedural, and the presumption is that procedural enactments apply retroactively. *Johnston v. Beneficial Mgt. Corp. of Am.,* 85 Wn.2d 637, 641, 538 P.2d 510 (1975); *State v. Hodgson,* 44 Wn. App. 592, 602, 722 P.2d 1336 (1986), *aff'd in part, rev'd in part,* 108 Wn.2d 662, 740 P.2d 848 (1987). Therefore, the amendment applies in this case, and according to its plain language, the test for whether the State has the right to appeal is whether the standard range was miscalculated. If the trial court used a standard range of 21 to 27 months when it should have used a range of 26 to 34 months, this test is met, and it does not matter whether the sentence actually imposed was inside or outside either range.

We turn now to the merits. RCW 9.94A.400(1)(a) provides:

> [W]henever a person is to be sentenced for two or more current offenses, the sentence range for each current offense shall be determined by using all other current and prior convictions as if they were prior convictions for the purpose of the offender score: *Provided,* That if the court enters a finding that some or all of the current offenses encompass the same criminal conduct then those current offenses shall be counted as one crime. . . . "Same criminal conduct," as used in this subsection, means two or more crimes that require the same criminal intent, are committed at the same time and place, and involve the same victim.

The last sentence of the quotation codifies the common law test developed in *State v. Dunaway,* 109 Wn.2d 207, 215, 743 P.2d 1237, 749 P.2d 160 (1987), *State v. Lewis,* 115 Wn.2d 294, 302, 303, 797 P.2d 1141 (1990), and will be referred to as the *Dunaway* test. When broken into elements, it provides that two crimes will constitute the same criminal conduct for sentencing purposes if (1) they require

---

[2]As amended, RAP 2.2(b) provides that the State may appeal:

(6) . . . A sentence in a criminal case which is below the standard range for the offense or which the state or local government believes involves a miscalculation of the standard range.

115 Wn.2d 1119. Parenthetically, we note that the federal rule is parallel. 18 U.S.C. § 3742(b)(1), (2).

the same criminal intent, (2) they are committed at the same time and place, and (3) they involve the same victim.

The two counts in this case occurred simultaneously, and they either involved the same victim—the public at large—or no victim. Therefore, the second and third elements of the *Dunaway* test are met.

The first element is the problem. Intent is to be viewed objectively rather than subjectively. *State v. Lewis*, 115 Wn.2d at 301–02; *State v. Burns*, 114 Wn.2d 314, 319, 788 P.2d 531 (1990); *State v. Collicott*, 112 Wn.2d 399, 405, 771 P.2d 1137 (1989) (plurality opinion); *State v. Dunaway*, 109 Wn.2d at 215, 216. As far as we can tell from the Supreme Court cases, the process for doing this has two components. The first is to "objectively view" each underlying statute and determine whether the required intents, if any, are the same or different for each count. *State v. Collicott*, 112 Wn.2d at 405 (plurality opinion); *State v. Dunaway*, 109 Wn.2d at 215; *State v. Lewis*, 115 Wn.2d at 301. If the intents are different, the offenses will count as separate crimes. If the intents are the same, then the second component is to "objectively view" the facts usable at sentencing, and determine whether the particular defendant's intent was the same or different with respect to each count. If the facts, objectively viewed, can only support a finding that the defendant had the same criminal intent with respect to each count, then the counts constitute the same criminal conduct. If the facts, objectively viewed, can only support a finding that the defendant had different criminal intents with respect to each count, then the counts constitute different criminal conduct. *State v. Dunaway, supra; State v. Burns, supra; State v. Lewis, supra.* If the facts are sufficient to support either finding, then the matter lies within the trial court's discretion, and an appellate court will defer "to the trial court's determination of what constitutes the same criminal conduct when assessing the appropriate offender score." *State v. Burns*, 114 Wn.2d at 317.

■ Given these principles, it is necessary, in cases involving two counts of possession with intent to deliver, to distinguish between intent to deliver and intent to possess. Intent to deliver is a statutory element of the crime of possession of a controlled substance with intent to deliver. RCW 69.50.401(a). In contrast, intent to possess is not an element of the crime of possession of a controlled substance, *State v. Cleppe*, 96 Wn.2d 373, 635 P.2d 435 (1981), *cert. denied*, 456 U.S. 1006 (1982), or, by analogy, of the crime of possession of a controlled substance with intent to deliver. Therefore, whether two simultaneously committed counts of possession with intent to deliver are the same or different criminal conduct will not be affected by whether the intent to possess, if any, is the same or different.

Focusing on intent to deliver, it is necessary, in cases involving two counts of possession with intent to deliver, to distinguish between the number of drugs possessed by the defendant, and the number of deliveries intended by the defendant. RCW 69.50.401(a) provides that it is unlawful "to . . . possess with intent to . . . deliver, . . . a controlled substance." Under this statute, it is unlawful to possess with intent to deliver *any* controlled substance, and for liability purposes, it does not matter what the specific controlled substance is.[3] Thus, if two counts are different only because different drugs were possessed, they involve the same intent—the intent to deliver a controlled substance. On the other hand, if two counts are different because the defendant intended to deliver illegal drugs in two different transactions, they involve different intents—an intent to deliver at the time and place of one transaction, and an intent to deliver at the time and place of the other transaction.

---

[3]For sentencing purposes, however, it may matter what the drug is. RCW 69.50.401(a)(1) (maximum term varies according to what schedule the drug is classified in); RCW 9.94A.310–.320 (determinate sentence varies likewise).

██ In summary, our holding is that when two counts of possession with intent to deliver are simultaneously committed, they constitute different criminal conduct if the facts usable at sentencing, when "objectively viewed", give rise to a reasonable inference, which the trial court adopts, that the defendant intended to deliver one or more controlled substances in two different transactions. Otherwise, the two counts constitute the same criminal conduct within the meaning of RCW 9.94A.400(1)(a).

This result is consistent with *State v. Burns, supra.* In that case, the defendant and an accomplice arrived at the scene in a van. The accomplice delivered cocaine to an undercover officer, while the defendant remained in the van. Immediately after the delivery, the defendant was arrested, and the police found more cocaine in the van. The defendant was charged with and convicted of one count of delivery to the officer, and a second count of possession with intent to deliver. All of these facts were usable at sentencing, and when "objectively viewed", they allowed for a reasonable inference that the defendant intended to deliver a quantity of cocaine to the undercover officer in one transaction, and another quantity of cocaine to one or more other persons in at least one subsequent transaction. Thus, the two counts involved different criminal conduct for purposes of RCW 9.94A.400(1)(a).

Similarly, the result we reach is consistent with *State v. Lewis, supra,* and *State v. Boze,* 47 Wn. App. 477, 735 P.2d 696 (1987). The defendant in each of those cases was charged with multiple counts of delivery of a controlled substance, and each count was based on a delivery transaction occurring at a time different from other delivery transactions. In both cases, then, the second *Dunaway* element was not met, *State v. Lewis,* 115 Wn.2d at 302–03, and each count involved different criminal conduct at least for that reason. *Lewis,* at 303. An additional albeit superfluous reason was that the facts, when "objectively viewed", permitted an inference that the defendant intended distinct and

separate transactions. *See State v. Boze,* 47 Wn. App. at 480 ("independent motive" for each of three deliveries).

In the case at bar, there is nothing in the record to indicate that the defendant intended to deliver in two different transactions. Thus, counts 1 and 2 involved the same intent to deliver a controlled substance, all three elements of the *Dunaway* test were met, and counts 1 and 2 constituted the same criminal conduct within the meaning of RCW 9.94A-.400(1)(a).

Affirmed.

PETRICH, A.C.J., and ALEXANDER, J., concur.

Reconsideration denied August 15, 1991.