[No. 11440-6-III.   Division Three.   April 7, 1992.]

THE STATE OF WASHINGTON, *Respondent,* v. JOSEPH GARZA CASAREZ, *Appellant.*

*Linda Edmison,* for appellant (appointed counsel for appeal).

*Dennis DeFelice, Prosecuting Attorney,* and *Charles E. Maddock, Deputy,* for respondent.

THOMPSON, J. — Joseph Casarez appeals the sentence imposed after his jury convictions for delivery of cocaine, delivery of heroin, and possession of heroin. The judgment and sentence states the two delivery convictions do not constitute the same criminal conduct and, therefore, count as separate crimes for offender score purposes. Mr. Casarez assigns error to this determination. We remand for resentencing.

Randy Higgins, a police officer with the Tri-Cities Metro Drug Task Force, and Gaylord McKinney, a confidential informant, were working together on November 23, 1990. They parked their vehicle in the parking lot for B&B Meats in Pasco. Mr. Casarez came out of Mike's Tavern and approached them. Mr. Casarez said: "[Y]ou guys looking for anything?" Officer Higgins answered that they were looking for cocaine. Mr. Casarez told them he could get them both cocaine and heroin. He climbed into the back of the vehicle, and directed them to another location.

Mr. Casarez got out and asked Mr. McKinney to go with him so that he could prove he was not cheating them. They knocked at the door of an apartment and were admitted by a Hispanic male. Mr. Casarez and the man conversed in Spanish. The man then asked Mr. McKinney, "how much"; Mr. McKinney said "20/20", *i.e.,* $20 heroin/$20 cocaine. The man reached into one pocket, pulled out a baggie of cocaine,

and dumped some of the contents of the baggie on a paper. Mr. McKinney picked it up. The man then reached into the other pocket, pulled out a small block of heroin, tore off a little piece, and laid it on a paper. Mr. McKinney picked that up as well. The man also gave Mr. Casarez a little chunk of heroin. Mr. Casarez subsequently was arrested, charged with, and convicted of, the three counts described above.

Did the trial court err when it refused to consider the two delivery convictions as "the same criminal conduct" for purposes of computing Mr. Casarez' offender score?

■ RCW 9.94A.400(1)(a) provides: "[W]henever a person is to be sentenced for two or more current offenses, the sentence range for each current offense shall be determined by using all other current and prior convictions as if they were prior convictions for the purpose of the offender score . . .". However, if the court finds that the current offenses encompass the same criminal conduct, then those current offenses shall be counted as one crime. "Same criminal conduct" is defined as "two or more crimes that require the same criminal intent, are committed at the same time and place, and involve the same victim". RCW 9.94A.400(1)(a). The statute adopts the common law rule formulated in *State v. Dunaway*, 109 Wn.2d 207, 215, 743 P.2d 1237, 749 P.2d 160 (1987):

> [T]rial courts should focus on the extent to which the criminal intent, as objectively viewed, changed from one crime to the next. . . . [P]art of this analysis will often include the related issues of whether one crime furthered the other and if the time and place of the two crimes remained the same.

In *State v. Lewis*, 115 Wn.2d 294, 797 P.2d 1141 (1990), the defendant contended that his intent was the same when he delivered marijuana on four separate dates to the same informant. The court stated at page 302:

> Lewis mistakes having the same objective for each act as having the same intent for criminal conduct analysis. The SRA's single criminal conduct analysis has approached a single intent as entailing numerous offenses committed as part of a scheme or plan, with no substantial change in the nature of the criminal objective. In Lewis' case, his acts were not part of

a single criminal conduct because the commission of one drug deal did not further the commission of the other drug deals, and they were not part of a recognizable scheme or plan.

(Citation omitted.)

In *State v. Rodriguez*, 61 Wn. App. 812, 812 P.2d 868 (Division Two), *review denied*, 118 Wn.2d 1006 (1991), the defendant was convicted of one count of possession with intent to deliver cocaine and one count of possession with intent to deliver heroin. Both drugs were found in his sock during a search incident to an arrest. The sentencing court held the current convictions constituted "the same criminal conduct", and therefore refused to use them as if they were prior convictions for computing the offender scores for those crimes. The State appealed.

According to *Rodriguez*, the process of determining whether two crimes have the "same criminal intent" requires the court to objectively view the facts usable at sentencing. *Rodriguez*, at 816. The court pointed out that RCW 69.50.401(a) makes it unlawful to possess with intent to deliver *any* controlled substance. The fact that two delivery counts involve different drugs does not indicate they involve different intents. *Rodriguez*, at 817. However, if the two counts are different because the defendant intended to deliver the drugs in separate transactions, then they objectively involve different intents — "an intent to deliver at the time and place of one transaction, and an intent to deliver at the time and place of the other transaction." *Rodriguez*, at 818. The court concluded at page 818:

> In summary, our holding is that when two counts of possession with intent to deliver are simultaneously committed, they constitute different criminal conduct if the facts usable at sentencing, when "objectively viewed", give rise to a reasonable inference, which the trial court adopts, that the defendant intended to deliver one or more controlled substances in two different transactions. Otherwise, the two counts constitute the same criminal conduct within the meaning of RCW 9.94A-.400(1)(a).

As stated in *Rodriguez*, at 817, the fact two delivery counts involve different drugs is not proof they involve different intents. Rather, the question is whether the facts,

objectively viewed, give rise to a reasonable inference the defendant's intent changed. *Lewis*, at 302; *Rodriguez*, at 818. So viewed, the facts here indicate Mr. Casarez had the same intent with respect to each count. Only one transaction was involved — the transaction with Mr. McKinney. Both the cocaine and the heroin were delivered with the purpose of concluding *one* drug deal.

The State's argument that separate criminal conduct occurred because two drugs were delivered is not persuasive. The State relies upon several cases from other jurisdictions which hold it is proper to *charge* two separate crimes when the defendant delivers two different controlled substances, even when the deliveries were made at the same time to the same person. *See, e.g.*, *State v. Meadors*, 177 Mont. 100, 580 P.2d 903 (1978). The cases do not concern whether the crimes constitute the same criminal conduct *for sentencing purposes*. Here, Mr. Casarez was charged with and convicted of two crimes. If this fact foreclosed a "same criminal conduct" argument under RCW 9.94A.400(1)(a), then the statute would never apply to any situation in which two crimes are charged and proven. Obviously, this is the very situation to which the statute was designed to apply.

The State also relies upon *State v. Burns*, 114 Wn.2d 314, 788 P.2d 531 (1990). There, the defendant allegedly sold some cocaine to an undercover officer. He was arrested at the scene, and more cocaine was found in his possession. He was charged with and convicted of (1) delivery and (2) possession with intent to deliver. At sentencing, the defendant argued the two crimes constituted the same criminal conduct. The sentencing court disagreed, and the defendant appealed. The Supreme Court affirmed, noting that when the defendant committed the crime of delivery, he still had in his possession a significant amount of cocaine which he intended to deliver to others. *The delivery did not further his intent to sell the remaining cocaine. Burns*, at 319. Here, the two deliveries, viewed objectively, were in furtherance of Mr. Casarez' single purpose of concluding a drug deal with Mr. McKinney.

Finally, the State cites *State v. Hall*, 53 Wn. App. 296, 305-06, 766 P.2d 512, *review denied*, 112 Wn.2d 1016 (1989), in which this court held the defendant's convictions for possession with intent to manufacture marijuana and possession of LSD were not the same criminal conduct for sentencing purposes. The result in *Hall* is consistent with our holding here. Possession of LSD did not further the defendant's possession with intent to manufacture marijuana, or vice versa.

Thus, we hold the sentencing court erred when it refused to consider the two deliveries as the same criminal conduct for offender score purposes. We remand for sentencing in accordance with this opinion.

■ Mr. Casarez also points out that the judgment sets forth incorrect dates for the commission of the crimes. The crimes, as charged in the information and as proven, occurred on November 23, 1990. CrR 7.8(a) states:

> Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. Such mistakes may be so corrected before review is accepted by an appellate court, and thereafter may be corrected pursuant to RAP 7.2(e).

Under the corresponding CR 60(a), it has been held that "clerical mistake" includes mechanical mistakes apparent on the record which do not involve matters of substance. *Foster v. Knutson*, 10 Wn. App. 175, 516 P.2d 786 (1973). Here, it is apparent from the trial record that the dates in the judgment are in error. Mr. Casarez makes no argument that the mistakes involve a matter of substance. We therefore amend the judgment to correct the dates.

Remanded for resentencing.

SHIELDS, C.J., and SWEENEY, J., concur.

Review granted at 119 Wn.2d 1017 (1992).