[No. 27651-4-I. Division One. July 27, 1992.]

THE STATE OF WASHINGTON, *Respondent,* v. LASSE MAGNUS VIKE, *Appellant.*

*Anna-Mari Sarkanen* of *Washington Appellate Defender Association*, for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Peter Goldman, Deputy,* for respondent.

AGID, J. — Lasse Vike appeals his sentence, asserting that the trial court erred in finding that two counts of possession of two different controlled substances were not the same criminal conduct for purposes of calculating his offender score.

Vike was charged with two counts of possession of a controlled substance in violation of RCW 69.50.401(d), to which

he pleaded guilty on October 22, 1990. Count 1 was for possession of heroin; count 2 was for possession of clonazepam.[1] At sentencing, Vike argued that RCW 9.94A.400(1)(a) required that, in calculating his offender score, the two counts be scored as a single offense. The trial court reasoned that the two crimes were distinct because the intent to possess one drug was not the same as the intent to possess the other, and determined the presumptive sentencing range on each count to be 2 to 6 months.[2] Vike was sentenced to two concurrent terms of 90 days, with 30 days of confinement to be converted into 240 hours of community service and 60 days to be served in work release. Vike contends that the trial court erred in ruling that his simultaneous possession of two different controlled substances did not encompass the same criminal conduct and asks this court to remand for resentencing.

In determining the presumptive sentencing range under the Sentencing Reform Act of 1981 (SRA), other current offenses are used as if they were prior convictions to add points to the offender score and enhance the sentencing range unless the current offenses encompass the same criminal conduct. RCW 9.94A.400(1)(a). For two crimes to constitute the same criminal conduct, both crimes must involve: (1) the same objective criminal intent, which can be measured by determining whether one crime furthered another; (2) the same time and place; and (3) the same victim.[3] *State v. Lessley*, 118 Wn.2d 773, 778, 827 P.2d 996 (1992). If any one of these three elements is missing, multiple offenses cannot be said to encompass the same criminal conduct, and they must be counted separately in calculating the offender score. *Lessley*, 118 Wn.2d at 778. A trial court's

---

[1] Vike was stopped for suspected shoplifting by Nordstrom security guards, who then called the police. The heroin and clonazepam were found by the police in a search incident to arrest.

[2] If the trial court had concluded otherwise, Vike would have had an offender score of 0 and a sentencing range of 0 to 90 days.

[3] RCW 9.94A.400(1)(a) defines "same criminal conduct" as "two or more crimes that require the same criminal intent, are committed at the same time and place, and involve the same victim."

determination of whether two crimes require the same criminal intent is reviewed for abuse of discretion or misapplication of the law. *State v. Elliott*, 114 Wn.2d 6, 17, 785 P.2d 440, *cert. denied*, 111 S. Ct. 110 (1990). As this court has previously noted, the Legislature intended that "same criminal conduct" be narrowly construed. *State v. Baldwin*, 63 Wn. App. 303, 306 n.3, 818 P.2d 1116 (1991).

Because the parties do not dispute that the crimes here occurred at the same time and place and involved the same victim, the only issue is whether the two crimes required the same criminal intent. Vike argued below that the offenses encompassed the same criminal conduct because both involved the possession of a controlled substance. The trial court concluded that the criminal purpose inherent in each crime was completely different because the objective in possessing heroin was distinct from the objective in possessing clonazepam. We agree.

Washington cases that have addressed this issue in the context of crimes involving controlled substances have tended to focus on the distinctions in the intent required to commit crimes charged under *different* sections of the statute, such as possession and possession with intent to deliver.[4] This case, which involves two charges of possession under the *same* statutory section and where the intent is essentially of the same type, but two different substances are the object of that intent, appears to be one of first impression in Washington.[5]

For purposes of RCW 9.94A.400(1)(a), intent is not defined as the specific intent required as an element of the crime

---

[4]*E.g., State v. Burns*, 114 Wn.2d 314, 788 P.2d 531 (1990) (delivery and possession with intent to deliver); *State v. Hall*, 53 Wn. App. 296, 766 P.2d 512 (possession of marijuana with intent to manufacture and possession of LSD), *review denied*, 112 Wn.2d 1016 (1989); *Baldwin*, 63 Wn. App. at 303 (delivery and possession). These cases hold generally that two separate quantities of the same drug that meet the same time/same place requirement can be the object of distinct criminal purposes, *i.e.*, to consume and to sell or deliver.

[5]*State v. Casarez*, 64 Wn. App. 910, 826 P.2d 1102 (1992) does not involve the same issue. Casarez was charged with two counts of *delivery*, rather than *possession*, of two different controlled substances. There was only one delivery, and

charged. *Baldwin*, 63 Wn. App. at 306-07. Rather, the inquiry focuses on the extent to which criminal intent, as objectively viewed, changed from one crime to the next, and the degree to which one crime furthered the other.[6] *State v. Dunaway*, 109 Wn.2d 207, 215, 743 P.2d 1237, 749 P.2d 160 (1987). Under this test, "if one crime *furthered* another, and if the time and place of the crimes remained the same, then the defendant's criminal purpose or intent did not change and the offenses encompass the same criminal conduct." *Lessley*, 118 Wn.2d at 777. It follows that if one of two crimes did not further the other, they are separate crimes for purposes of RCW 9.94A.400(1)(a).

▇ Here, possession of one drug in no way furthered possession of the other. Under the *Dunaway* test, therefore, the criminal intent, as objectively viewed, was not the same for purposes of determining whether the crimes constituted the same criminal conduct under RCW 9.94A.400(1)(a).[7]

---

it was to the same person at the same time. The objective intent of the crime of delivery of drugs is different from the intent involved in possession of drugs. *Baldwin*, 63 Wn. App. at 307. The former is to transfer the drugs from one person to another; the latter is to have the drugs available for personal use. *Baldwin*, at 307. Thus, in *Casarez* the simultaneous delivery of both drugs to the same person was dispositive. 64 Wn. App. at 914. Similarly, *State v. Rodriguez*, 61 Wn. App. 812, 812 P.2d 868, *review denied*, 118 Wn.2d 1006 (1991) involved two counts of possession with intent to deliver two different drugs, and the court recognized that "it is necessary . . . to distinguish between intent to deliver and intent to possess." 61 Wn. App. at 817. *Rodriguez* also relied in part on the now-rejected analysis in *State v. Collicott*, 112 Wn.2d 399, 771 P.2d 1137 (1989) (*Collicott* I). See, *infra*, footnote 6.

[6]In *State v. Collicott*, 118 Wn.2d 649, 668, 827 P.2d 263 (1992) (*Collicott* II), the court reaffirmed its adherence to the "furtherance" test first articulated in *State v. Dunaway*, 109 Wn.2d 207, 743 P.2d 1237, 749 P.2d 160 (1987) and rejected the "element sharing" analysis it had articulated in *State v. Collicott*, 112 Wn.2d 399, 771 P.2d 1137 (1989) (*Collicott* I).

[7]Further, as the trial court noted, while both crimes involved the simple possession of a controlled substance, the substance that was the object of the possession with respect to each crime was completely different. Other factors supporting our conclusion include that possession of one does not necessarily coincide with possession of the other; there was no showing that heroin and clonazepam are used together; and, while the possession of both substances is criminalized by the same statute, RCW 69.50.401(d), each is separately desig-

Accordingly, the trial court properly concluded that the crimes here did not constitute the same criminal conduct.

Affirmed.

GROSSE, C.J., and KENNEDY, J., concur.

Review by Supreme Court pending August 10, 1993.

nated a controlled substance by RCW 69.50.204 (heroin is a Schedule I drug) and RCW 69.50.210 (clonazepam is a Schedule IV) drug respectively.