[Nos. 59180-6, 59292-6.    En Banc.    December 30, 1993.]

THE STATE OF WASHINGTON, *Petitioner,* v. FRANCISCO GARZA-VILLARREAL, *Respondent.*

THE STATE OF WASHINGTON, *Petitioner,* v. JOSEPH G. CASAREZ, *Respondent.*

*John W. Ladenburg, Prosecuting Attorney for Pierce County,* and *Chris Quinn-Brintnall, Senior Appellate Deputy; Dennis DeFelice, Prosecuting Attorney for Franklin County,* and *Charles E. Maddock, Deputy,* for petitioner.

*Clayton R. Dickinson,* for respondent Garza-Villarreal.

*Linda L. Edmiston,* for respondent Casarez.

*Katherine Steele Knox* of *Washington Defender Association,* amicus curiae for respondents.

UTTER, J. — Petitioner State of Washington challenges two Court of Appeals decisions holding convictions based on different controlled substances involved in the same transaction constitute the "same criminal conduct" for purposes of calculating the offender score under RCW 9.94A.400(1)(a). We affirm and remand for resentencing.

## I

### STATE v. GARZA-VILLARREAL

On February 8, 1990, police officers executing a search warrant discovered 14 grams of heroin and 30 grams of cocaine on respondent Francisco Garza-Villarreal. Garza-Villarreal subsequently pleaded guilty to two counts of attempted unlawful possession of a controlled substance with intent to deliver. He had previous convictions for attempted unlawful possession of a controlled substance with intent to deliver (1988) and unlawful possession of a controlled substance (1989).

At sentencing, Garza-Villarreal contended his offender score should reflect his two previous convictions, but not the present concurrent offense, in light of RCW 9.94A.400(1)(a), which reads:

> [W]henever a person is to be sentenced for two or more current offenses, the sentence range for each current offense shall be determined by using all other current and prior convictions as if they were prior convictions for the purpose of the offender score: PROVIDED, That *if the court enters a finding that some or all of the current offenses encompass the same criminal conduct then those current offenses shall be counted as one crime*
> . . . .

(Italics ours.) The trial court, however, declined to treat the concurrent offenses as encompassing the "same criminal conduct", and assigned Garza-Villarreal an offender score of 7, counting 4 points for the prior convictions[1] and 3 points for the concurrent drug offense. The resulting standard sen-

---

[1]Garza-Villarreal's present convictions are drug offenses, and thus, his prior conviction for possession with intent to deliver adds 3 points to his offender score. RCW 9.94A.360(13). Garza-Villarreal's previous possession conviction counts for only 1 point, however, because possession is not a "drug offense" as defined in RCW 9.94A.030(16).

tencing range is 57.75 to 76.5 months. RCW 9.94A.310(1), (2). The trial court sentenced Garza-Villarreal to concurrent terms of 65 months.

Garza-Villarreal appealed. In an unpublished decision, the Court of Appeals vacated Garza-Villarreal's sentence, stating:

> When two counts of possession with intent to deliver are simultaneously committed, they constitute different criminal conduct if the facts usable at sentencing when objectively viewed give rise to a reasonable inference that the defendant intended to deliver one or more controlled substances in two different transactions. Otherwise, the two acts constitute the same criminal conduct. There is no evidence in this case, except the existence of two different drugs, that would indicate more than one transaction was intended. . . .

(Footnote and citation omitted.) *State v. Garza-Villarreal*, cause 13861-1-II (Jan. 15, 1992), slip op. at 2. The State moved for discretionary review in accordance with RAP 18.15(g).

## II

### STATE v. CASAREZ

On November 23, 1990, police arrested respondent Joseph Casarez following an undercover operation. As part of that operation, an undercover officer and a confidential informant met and accompanied Casarez to an apartment building. The confidential informant and Casarez entered one of the apartments, where the confidential informant purchased $20 worth of cocaine and $20 worth of heroin (a "$20/20$") from a third person. Casarez also received a small amount of heroin from the third person as a "kick-down" for facilitating the drug buy.

A jury found Casarez guilty on two counts of unlawful delivery of a controlled substance and one count of unlawful possession of a controlled substance. Casarez had previous felony convictions for armed robbery (1955), burglary (1962), assault with a deadly weapon (1965), carnal knowledge (1972), and unlawful delivery of a controlled substance (1987).

At sentencing, Casarez argued the two present convictions for unlawful delivery of a controlled substance "encom-

pass the same criminal conduct" and therefore should not count toward the offender score. The trial court, however, entered a specific finding that the two delivery offenses constituted separate crimes for purposes of determining the offender score. The trial court assigned Casarez an offender score of 11 for each of the delivery counts and a 7 for the possession count.

Based on the offender scores as calculated by the trial court, the presumptive range for the delivery counts is 108 to 144 months and for the possession count is 22 to 29 months. RCW 9.94A.310(1). The trial court sentenced Casarez to concurrent terms of 120 months on the two delivery counts and 22 months on the possession count.

Casarez appealed. The Court of Appeals reversed and remanded, holding "the sentencing court erred when it refused to consider the two deliveries as the same criminal conduct for offender score purposes." *State v. Casarez*, 64 Wn. App. 910, 915, 826 P.2d 1102 (1992). The State petitioned for review.

### III

■■ RCW 9.94A.400(1)(a) defines "same criminal conduct" as:

> two or more crimes that require the same criminal intent, are committed at the same time and place, and involve the same victim.

In *State v. Dunaway*, 109 Wn.2d 207, 743 P.2d 1237, 749 P.2d 160 (1987), we similarly defined "same criminal conduct". The above quoted provision of RCW 9.94A.400(1)(a) was enacted prior to the *Dunaway* decision, but was not effective at the time the defendants in *Dunaway* committed their offenses. In *Dunaway*, we directed:

> [I]n deciding if crimes encompassed the same criminal conduct, trial courts should focus on the extent to which the criminal intent, as objectively viewed, changed from one crime to the next. . . . [P]art of this analysis will often include the related issues of whether one crime furthered the other and if the time and place of the two crimes remained the same.

*Dunaway*, 109 Wn.2d at 215. In *Dunaway*, we also required concurrent offenses involving the same victim to be classi-

fied as the same criminal conduct. *Dunaway*, 109 Wn.2d at 215 (overruling *State v. Edwards*, 45 Wn. App. 378, 725 P.2d 442 (1986)). We reaffirmed the *Dunaway* furtherance test in *State v. Collicott*, 118 Wn.2d 649, 668, 827 P.2d 263 (1992).

The "same time and place" requirement appears as a separate element in the statutory definition of same criminal conduct, but *Dunaway* treated "same time and place" as a factor in assessing whether the defendant maintained the "same criminal intent". This redundancy was clarified in *State v. Lessley*, 118 Wn.2d 773, 827 P.2d 996 (1992):

> Taken together, RCW 9.94A.400(1)(a) and *Dunaway* require three elements: the same objective criminal intent (which can be measured by determining whether one crime furthered another), the same time and place, and the same victim. If any one element is missing, multiple offenses cannot be said to encompass the same criminal conduct, and they must be counted separately in calculating the offender score. . . .

*Lessley*, 118 Wn.2d at 778.

Both Garza-Villarreal and Casarez committed their offenses at the same time and place and both crimes involved the same victim—the public at large. *Cf. State v. Rodriguez*, 61 Wn. App. 812, 816, 812 P.2d 868, *review denied*, 118 Wn.2d 1006 (1991). Thus, the only issue before us is whether the concurrent offenses at issue require the "same objective criminal intent".

This court has applied *Dunaway*'s objective criminal intent test in two cases involving controlled substances, *State v. Lewis*, 115 Wn.2d 294, 797 P.2d 1141 (1990) and *State v. Burns*, 114 Wn.2d 314, 788 P.2d 531 (1990). In *Lewis*, the court held that because four transactions (three deliveries and one attempted delivery of marijuana) occurred at different times and the defendant Lewis had, objectively viewed, formed separate criminal intents, his crimes did not constitute the same criminal conduct. *Lewis*, at 303. The court explained:

> [T]he current statute pertaining to "same criminal conduct" expressly establishes that to constitute the same criminal conduct, there must be the same criminal intent for each of the

> crimes committed, [and] they must be committed at the same time and place, and involve the same victim. RCW 9.94A-.400(1)(a).
>
> Because the four violations . . . were carried out on separate dates and Lewis formed a separate objective criminal intent to execute each act, his crimes were not "same criminal conduct".

*Lewis*, at 303. Implicit in the analysis of *Lewis* is that these crimes, committed at separate times, were separately realized and thus did not further each other. *See also State v. Lessley*, 118 Wn.2d 773, 778, 827 P.2d 996 (1992) (under RCW 9.94A.400, crimes committed at different times are manifestations of different criminal intents, even where all of the crimes are identical in type).

In *Burns*, the second controlled substance case applying the *Dunaway* analysis, the defendant sold cocaine to undercover police through intermediaries and was charged with delivery of cocaine. Additional cocaine was found in the defendant's van, and the defendant was charged with possession with intent to deliver cocaine. The defendant argued that the two crimes constituted the same criminal conduct because they manifested the same criminal objective (sale of cocaine) and that the possession furthered the delivery because it was necessary to possess cocaine in order to sell it. The Court of Appeals rejected the defendant's arguments, finding the additional cocaine in the defendant's possession indicative of an independent objective to make other deliveries in the future. This court agreed, holding the offense of delivery and the offense of possession with intent to deliver are separate crimes for purposes of RCW 9.94A.400(1)(a) because they involve different criminal intents — an intent to deliver at the present versus an intent to deliver in the future. *State v. Burns*, 114 Wn.2d 314, 318-20, 788 P.2d 531 (1990).

Applying *Lewis* and *Burns* to the facts of the cases before the court, we find, for purposes of calculating his offender score, Garza-Villarreal's two convictions of possession with intent to deliver arose from the same criminal conduct. Likewise, for purposes of calculating Casarez's offender

score, Casarez's two convictions of delivery derived from the same criminal conduct. In both cases, the crimes, objectively viewed, furthered one overall criminal purpose.

■ Garza-Villarreal was convicted of one count of possession with intent to deliver cocaine and one count of possession with intent to deliver heroin. The fact that the two charges involved different drugs does not by itself evidence any difference in intent. The possession of each drug furthered the overall criminal objective of delivering controlled substances in the future. Thus, Garza-Villarreal's convictions were for crimes committed in furtherance of the same objective criminal intent and, under the *Dunaway* test, are to be considered a result of the same criminal conduct for purposes of calculating his offender score.

Likewise, Casarez's convictions for delivery of cocaine and delivery of heroin evidenced a single criminal objective of completing a drug deal. Absent other evidence, the fact that two different drugs were involved in no way indicated different objectives. Delivery of each drug furthered Casarez's single criminal objective of selling drugs in the present. Because the same objective intent underlay both crimes, application of *Dunaway* leads us to conclude that Casarez's crimes should be considered the same criminal conduct for purposes of calculating his offender score.

■ ■ We therefore hold concurrent counts of possession with intent to deliver which occur in the same transaction constitute the same criminal conduct because the objective criminal intent in each case is identical — an intent to deliver any controlled substance in the future. We hold concurrent counts of delivery which occur in the same transaction likewise constitute the same criminal conduct because the objective criminal intent in each case is identical — an intent to deliver any controlled substance in the present. In the absence of evidence the defendant intended to deliver in multiple transactions, it would be inappropriate to conclude that the defendant intended to deliver the substances in multiple transactions. To do so would, without basis, impute an intent to deliver a controlled substance in the future as

well as an intent to deliver in the present and punish the defendant for offenses not yet committed.

In the cases before us, the State presented no evidence to establish Garza-Villarreal intended to deliver the heroin and cocaine in more than one transaction, and Casarez facilitated the delivery of both cocaine and heroin in the same transaction. Thus, in each case, the concurrent convictions constitute the same criminal conduct for purposes of RCW 9.94A.400(1)(a).[2]

Both cases are affirmed and remanded for resentencing.

ANDERSEN, C.J., and BRACHTENBACH, DURHAM, SMITH, GUY, JOHNSON, and MADSEN, JJ., concur.

---

[2]In determining whether concurrent controlled substance offenses occurring in the same transaction constitute the same criminal conduct, the Court of Appeals has reached contradictory results, depending on the criminal act involved. In *State v. Rodriguez*, 61 Wn. App. 812, 812 P.2d 868, *review denied*, 118 Wn.2d 1006 (1991), the Court of Appeals held concurrent offenses of possession with intent to deliver a controlled substance, to wit cocaine and heroin, constituted the same criminal conduct for purposes of calculating the offender score. *Rodriguez*, 61 Wn. App. at 817, 819. In *State v. Vike*, 66 Wn. App. 631, 834 P.2d 48 (1992), however, the Court of Appeals ruled concurrent convictions for *possession* of a controlled substance, to wit heroin and clonazepam, did not encompass the same criminal conduct. The State argues treating concurrent possession charges as separate crimes but counting concurrent counts of delivery or possession with intent to deliver as one crime is not logically consistent because delivery offenses are more serious than possession offenses. The facts of this case, however, do not require us to address whether concurrent possession offenses, which involve two or more substances, constitute the same criminal conduct, and we decline to do so.