[No. 19566-6-II. Division Two. March 28, 1997.]
THE STATE OF WASHINGTON, *Respondent*, v. GEORGE
CLIFTON WILLIAMS, *Appellant*.

*Pattie Mhoon*, for appellant (appointed counsel for appeal).

*John W. Ladenburg, Prosecuting Attorney*, and *Donna Y. Masumoto, Deputy*, for respondent.

BRIDGEWATER, J. — George Clifton Williams appeals the sentencing court's determination that two drug deliveries were not the same criminal conduct and that he was armed during the commission of the crimes. We hold that regardless of the contemporaneity of the sales to two state informants, when viewed objectively, two separate transactions with two separate buyers support a different intent with respect to each buyer. Also, when the weapon is within view of the participants in a drug transaction, in the same room, and handled by the seller, there are sufficient facts to support the special verdict that the defendant was armed. We affirm.

During a lengthy investigation of Williams, Pierce County detectives organized several controlled buys using

two informants, Alberto and Mike. On November 9, 1994, Alberto called Williams and ordered crack cocaine either for just himself or for both him and Mike, "[u]ps on a hundred and whatever Mike got."[1] Williams told Alberto and Mike to go to a specific Pierce County residence. Mike and Alberto entered the residence at 9:25 p.m. and sat down with Williams at the kitchen table. Williams sold each informant ten rocks of cocaine. First, Williams sold cocaine to Alberto in exchange for $100. Then, Williams sold cocaine to Mike in exchange for $100. Williams showed the informants a .45 caliber pistol that was in the kitchen, on top of the refrigerator, and handled the pistol during the visit. At one point, Mike put a bullet in the chamber. The informants left the residence and recontacted the detectives at 9:43 p.m.

Pierce County charged Williams with six counts of delivery arising out of its extensive investigation, but the jury convicted Williams of only two counts of delivery, counts 3 and 4, based on the transactions described above. A jury convicted Williams by special verdict form of two counts of unlawful delivery of a controlled substance, RCW 69.50.401(a)(1)(i).

At sentencing, Williams argued that counts 3 and 4 encompassed the same criminal conduct because only one informant called to arrange delivery, and because neither informant could remember whether Williams left the drugs on the table for one transaction or delivered the cocaine from his pocket in separate consecutive transactions. The State argued that the offenses were not the same criminal conduct because they did not occur at the same time, but consecutively, and they involved two deliveries to two people. The sentencing court determined that the two counts were not the same criminal conduct and, with the 12-month deadly weapon enhancement,

---

[1] That is, $100 worth of cocaine and whatever Mike was getting for himself.

sentenced Williams to 60 months for each count, the sentences to run concurrently.

I

■ Williams contends that the court misapplied RCW 9.94A.400(1)(a) because all three prongs of the "same criminal conduct test" were met. If concurrent offenses encompass the same criminal conduct, they are treated as one crime for the purposes of calculating the offender's sentence. RCW 9.94A.400(1)(a); *State v. Vike*, 125 Wn.2d 407, 410, 885 P.2d 824 (1994). Same criminal conduct "means two or more crimes that require the same criminal intent, are committed at the same time and place, and involve the same victim." RCW 9.94A.400(1)(a). All three prongs must be met, and the absence of any one prong prevents a finding of "same criminal conduct." *State v. Lessley*, 118 Wn.2d 773, 778, 827 P.2d 996 (1992).

Williams contends that, objectively viewed, he had the same criminal intent with respect to both counts because he intended to deliver to both informants at the same time and, therefore, the one transaction furthered the other. The State contends that multiple deliveries accomplished sequentially do not involve the same criminal intent despite a defendant's claim that he had only one criminal objective, i.e., to sell drugs.

■ We have previously set forth a clear and practical test for determining whether multiple crimes encompass the same criminal intent:

> Intent is to be viewed objectively rather than subjectively. As far as we can tell from the Supreme Court cases, the process for doing this has two components. The first is to "objectively view" each underlying statute and determine whether the required intents, if any, are the same or different for each count. If the intents are different, the offenses will count as separate crimes. If the intents are the same, then the second component is to "objectively view" the facts usable at sentencing, and determine whether the particular defendant's intent was the same or different with respect to each count. If the facts, objectively viewed, can only support a finding that the

defendant had the same criminal intent with respect to each count, then the counts constitute the same criminal conduct. If the facts, objectively viewed, can only support a finding that the defendant had different criminal intents with respect to each count, then the counts constitute different criminal conduct. If the facts are sufficient to support either finding, then the matter lies within the trial court's discretion, and an appellate court will defer "to the trial court's determination of what constitutes the same criminal conduct when assessing the appropriate offender score." *State v. Burns*, 114 Wn.2d [314, 317, 788 P.2d 531 (1990)].

*State v. Rodriguez*, 61 Wn. App. 812, 816, 812 P.2d 868 (1991) (some citations omitted). Under the first component, Williams's intent, objectively viewed, is the same because the two counts of delivery are identical at law.

Under the second component, the facts usable at sentencing, objectively viewed, support a finding that Williams had a different criminal intent with respect to each count because Williams intended to sell 10 rocks of cocaine to Alfredo in the first transaction and intended to sell 10 rocks of cocaine to Mike in the second transaction. There is no evidence in the record that the first drug transaction furthered the other in the sense that it was necessary in fact or at law for Williams to sell rock cocaine to Alfredo before selling to Mike.

*Burns* is the most analogous case. Burns was convicted of two offenses, delivery of a controlled substance and possession with intent to deliver, after Burns sold cocaine out of his van to an undercover police officer, and a subsequent search of his impounded van uncovered several small packages of cocaine. *Burns*, 114 Wn.2d at 316. The Supreme Court held that the sentencing court did not abuse its discretion when it found that the two crimes did not encompass the same criminal conduct. The court concurred with the lower court's reasoning that, despite the contemporaneity of the crimes, the additional amount of cocaine in Burns's van indicated an independent criminal objective to make other deliveries in the future. The lower court had noted that the criminal objective of each

crime was realized independently of the other and delivery of one did not further Burns's intent to sell the remaining cocaine. *Burns*, 114 Wn.2d at 319-20.

 Here, where there are two transactions and two buyers with the transaction being arranged with one contact, the best that Williams can assert is that the facts are sufficient to support either finding. Clearly, two transactions with two buyers support the court's determination that the two sales encompassed different criminal intents. Even if it could be said that the facts also support a determination the sales encompassed the same intent, the matter would lie within the trial court's discretion. Because Williams failed to show that all three prongs of the "same criminal conduct" test were identical, the sentencing court did not abuse its discretion by finding that the crimes did not encompass the same criminal conduct. We hold that when a defendant delivers one or more controlled substances in two different transactions, his intent in each transaction, objectively viewed, may reasonably be found to be independent from the other. *Cf. Rodriguez*, 61 Wn. App. at 818.[2]

## II

 Williams contends there are insufficient facts to support the deadly weapon enhancement, RCW 9.94A.125, .310(3), because he could not have reached the .45 caliber pistol "on the top of the refrigerator from where he was seated at the [kitchen] table." RCW 9.94A.125 authorizes an enhanced sentence if the defendant is armed with a deadly weapon at the time of the commission of the crime. *State v. Valdobinos*, 122 Wn.2d 270, 281, 858 P.2d 199

---

[2]In *Rodriguez*, the court summarized its holding as follows:

"[W]hen two counts of possession with intent to deliver are simultaneously committed, they constitute different criminal conduct if the facts usable at sentencing, when "objectively viewed", give rise to a reasonable inference, which the trial court adopts, that the defendant intended to deliver one or more controlled substances in two different transactions. Otherwise, the two counts constitute the same criminal conduct within the meaning of RCW 9.94A.400(1)(a)." 61 Wn. App. at 818.

514

(1993). A person is "armed" if a weapon is easily accessible and readily available for use, either for offensive or defensive purposes. *Valdobinos*, 122 Wn.2d at 282. Proof that a gun was under the car seat and within reach of the defendant is sufficient to show the weapon was easily accessible and ready for use. *State v. Sabala*, 44 Wn. App. 444, 723 P.2d 5 (1986). There was sufficient evidence that the .45 caliber pistol was easily accessible and ready for use when the pistol was on top of the refrigerator, in the same room, easily accessible from the kitchen table, and with ammunition in its chamber. Evidence that Williams actually handled the pistol at the time of the offenses demonstrates the accessibility of the firearm during the commission of the crimes.

We affirm.

HOUGHTON, C.J., and SEINFELD, J., concur.

Review granted at 133 Wn.2d 1009 (1997).