206 P.3d 694 (2009)
STATE of Washington, Respondent,
v.
Leon Anthony VICTORIA, Appellant.
No. 61602-1-I.
Court of Appeals of Washington, Division 1.
May 11, 2009.
*695 Maureen Marie Cyr, Washington Appellate Project, Seattle, WA, for Appellant.
Daniel Kalish, King County Prosecutor's Office, Seattle, WA, for Respondent.
DWYER, A.C.J.
¶ 1 Leon Victoria was convicted of two counts of tampering with a witness. In calculating Victoria's offender score, the sentencing court declined to treat the two crimes as constituting the same criminal conduct. Multiple crimes constitute the same criminal conduct only if they involve the same victim. A witness who is the target of tampering suffers injury by being unduly pressured to act illegally and is therefore a victim. Because Victoria tampered with two different witnesses, his crimes did not involve the same victim and therefore did not constitute the same criminal conduct. Accordingly, we affirm Victoria's sentence.

I
¶ 2 In the fall of 2007, Victoria was in the King County Detention Facility awaiting trial on residential burglary and felony harassment charges. He had kicked in the front door of his ex-girlfriend Amanda Edwards' apartment and threatened Edwards' sister, Ramona Moore. While in custody, Victoria placed several recorded telephone calls to family members during which he discussed ways to convince Edwards and Moore either to change their expected adverse testimony or to refuse to appear at his trial. During these conversations, Victoria's relatives indicated that they had spoken to both witnesses about formally disavowing their earlier statements. At one point, it appeared that Edwards was reluctant to testify against Victoria and perhaps prepared to recant but that Moore was insistent on carrying through with the case. Victoria also left a message on Edwards' voicemail urging her to visit his mother so that he could speak to her on the telephone directly.
¶ 3 Based on these telephone conversations, the prosecutor amended the charging information against Victoria to include two counts of tampering with a witness, in violation of RCW 9A.72.120.[1] Both Edwards and Moore testified against Victoria at his trial. Neither witness disavowed her earlier statements to police officers. The jury subsequently found Victoria guilty on each tampering count.
¶ 4 At sentencing, Victoria objected to the treatment of each witness tampering conviction as a separate offense for purposes of calculating his offender score. He argued that both offenses amounted to the same criminal conduct because, in his view, they harmed the same victimthe public at large-and involved the same criminal intentto interfere with the judicial process. The trial court rejected Victoria's argument. In so doing, it noted that Victoria himself differentiated between the two witnesses in his telephone conversations. The sentencing court's decision to treat the two convictions as different criminal conduct resulted in a higher standard sentencing range than Victoria would have faced had the court found that the two convictions encompassed the same criminal conduct.

II
¶ 5 Victoria contends that neither Edwards nor Moore is a victim, and that only the public at large can be a victim of the crime of tampering with a witness. We disagree.
¶ 6 In calculating a defendant's sentencing range under the Sentencing Reform *696 Act of 1981(SRA), chapter 9.94A RCW, the trial court must determine a defendant's offender score, which reflects the "length and seriousness of the defendant's criminal history." State v. Dunaway, 109 Wash.2d 207, 212, 743 P.2d 1237, 749 P.2d 160 (1987). When a defendant is sentenced for multiple offenses, the defendant's offender score for each conviction is calculated from prior convictions and "other current offenses." RCW 9.94A.525(1), .589(1)(a). However, if the sentencing court "enters a finding that some or all of the current offenses encompass the same criminal conduct then those current offenses shall be counted as one crime" for purposes of calculating the defendant's offender score. RCW 9.94A.589(1)(a).
¶ 7 Multiple crimes constitute the "same criminal conduct" if they "require the same criminal intent, are committed at the same time and place, and involve the same victim." RCW 9.94A.589(1)(a). Satisfaction of each of these elements is a prerequisite to a finding of same criminal conduct. "If any one of these elements is missing, the offenses must be individually counted toward the offender score."[2]State v. Haddock, 141 Wash.2d 103, 110, 3 P.3d 733 (2000) (citing State v. Garza-Villarreal, 123 Wash.2d 42, 47, 864 P.2d 1378 (1993)). We will disturb the sentencing court's determination as to whether current offenses encompass the same criminal conduct only in the event of a "`clear abuse of discretion or misapplication of the law.'" Haddock, 141 Wash.2d at 110, 3 P.3d 733 (quoting State v. Elliott, 114 Wash.2d 6, 17, 785 P.2d 440 (1990)).
¶ 8 In determining who is a crime victim, we look to the SRA.[3]Haddock, 141 Wash.2d at 111, 3 P.3d 733. Pursuant to the SRA, a victim is "any person who has sustained emotional, psychological, physical, or financial injury to person or property as a direct result of the crime charged." RCW 9.94A.030(53).
¶ 9 Victoria is mistaken that a witness who is the target of tampering suffers no injury, unless he or she is actually dissuaded from testifying as a result of the tampering. A witness who does not have a right or privilege to refrain from testifying in a criminal proceeding has a legal obligation to do so truthfully and fully. This obligation can be a heavy burden. By making truthful testimony obligatory, the law removes the element of individual choice from the witness's testimony. Efforts to tamper with a witness, however, exert undue pressure on the witness that the obligatory nature of testimony otherwise eliminates. This pressure can be acute if a witness must testify against an acquaintance. Indeed, the transcript of Victoria's calls with family members indicates that Edwards, who was Victoria's ex-girlfriend and a longtime neighborhood acquaintance, wrestled with the decision of whether to testify or cooperate with Victoria's scheme.
¶ 10 The pressure applied through tampering efforts also increases the targeted witness's risk of exposure to criminal liability. By definition, the act of tampering involves efforts to induce a witness to do something that the witness does not have the legal right or privilege to do. If the witness testifies falsely or absents himself or herself from a judicial proceeding, then the witness faces possible criminal liability. That Victoria was unable to dissuade Edwards and Moore from testifying is of no moment in determining their status as victims. A mere attempt to induce a witness to testify falsely or become unavailable is unlawful. See RCW 9A.72.120(1).
¶ 11 Victoria also argues that tampering with a witness is a "victimless crime" because the tampering statute necessarily has the prevention of obstruction of justice as its purpose. See State v. Sanders, 66 Wash. App. 878, 884, 833 P.2d 452 (1992) (citing State v. Stroh, 91 Wash.2d 580, 582, 588 P.2d 1182 (1979)). However, tampering with a witness is not a victimless crime merely because its commission threatens to cause systemic *697 harm. Instead, as our Supreme Court recently explained, when criminal liability "does not depend on the existence of a victim, [but] the law [nonetheless] does contemplate" a victim, the proscribed conduct is not a victimless crime. City of Auburn v. Hedlund, 165 Wash.2d 645, 652-53, 201 P.3d 315 (2009).
¶ 12 The tampering statute specifically criminalizes any attempt to tamper with "a witness." RCW 9A.72.120 (emphasis added). Thus, it contemplates that a particular witness will be the target of tampering. See State v. DeSantiago, 149 Wash.2d 402, 419, 68 P.3d 1065 (2003). Therefore, the public at large is not the crime's only victim. An inchoate tampering effort or one that fails to achieve its objective is no different than a poorly aimed gunshot of which the target is unaware. Each instance involves an identifiable, individual victim. Because Victoria tampered with two different witnesses, each of whom was a victim of his unlawful machinations, the trial court correctly ruled that his two convictions for tampering with a witness did not encompass the same criminal conduct.
¶ 13 Affirmed.
We concur: BECKER and AGID, JJ.
NOTES
[1] RCW 9A.72.120 provides, in relevant part:

(1) A person is guilty of tampering with a witness if he or she attempts to induce
a witness or person he or she has reason to believe is about to be called as a witness in any official proceeding or a person whom he or she has reason to believe may have information relevant to a criminal investigation ... to:
(a) Testify falsely or, without right or privilege to do so, to withhold any testimony; or
(b) Absent himself or herself from such proceedings; or
(c) Withhold from a law enforcement agency information which he or she has relevant to a criminal investigation.
[2] Victoria also contends that he had the same criminal intent for both instances of tampering: to interfere with the judicial process. Because we conclude that each witness who is the target of tampering is a victim, we need not address this argument.
[3] The Washington Criminal Code, Title 9A RCW, does not specifically define the term victim. City of Auburn v. Hedlund, 165 Wash.2d 645, 651, 201 P.3d 315 (2009).