IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 33948-3-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| RANDALL JAMES JERRED, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Randall "Randy" Jerred appeals his conviction for delivery of a

controlled substance. We affirm his conviction, but remand for resentencing.

## FACTS

The facts are well known to the parties and need not be recounted in detail. Mr.

Jerred was charged with several controlled substance offenses after selling

methamphetamine and heroin to an undercover informant. The sales took place at Mr.

Jerred's residence, which was located within 1,000 feet of several school bus stops.

A jury convicted Mr. Jerred of six counts of possession of a controlled substance with intent to deliver and entered special verdicts finding all six of the offenses had taken place within 1,000 feet of a school bus stop. At sentencing, the trial court ordered the school bus stop enhancements to run consecutively to Mr. Jerred's base sentence as well as to each other. The total sentence was 234 months' confinement with 12 months of community custody. The court waived a number of legal financial obligations (LFOs), but imposed a $6,000 drug enforcement fee. Mr. Jerred appeals.

## ANALYSIS

*Jury Instructions*

Mr. Jerred argues the jury instructions were deficient because they either failed to provide the elements of his charged offenses (which he claims was delivery of a controlled substance) or they allowed the jury to convict based on an uncharged crime (possession with intent to deliver controlled substances). The State asserts Mr. Jerred has waived this argument because he did not object at trial, or request a bill of particulars to clarify the information. We agree with the State.

Contrary to Mr. Jerred's assertions, the information did not merely allege several counts of delivery of a controlled substance. Instead, the information tracked the language of RCW 69.50.401, which sets forth various controlled substance offenses,

2

No. 33948-3-III
*State v. Jerred*

including delivery and possession with intent to deliver. *See State v. Garza-Villarreal,* 123 Wn.2d 42, 48, 864 P.2d 1378 (1993) (delivery of a controlled substance and possession of a controlled substance with intent to deliver are distinct crimes with distinct elements). Because the counts in the information each alleged more than one offense, they were duplicitous. *See State v. Roberts,* 142 Wn.2d 471, 514, 14 P.3d 713 (2000). But this was not a fatal error. Confusion caused by duplicity can be remedied through a bill of particulars. However, once a case is on appeal and the applicable remedy is no longer available, we will not entertain an unpreserved duplicity claim. *See id.* at 514-15.

*Ineffective Assistance of Counsel*

To demonstrate ineffective assistance of counsel, a defendant must make two showings: (1) that counsel's performance was deficient, and (2) that counsel's errors were serious enough to prejudice the defendant. *State v. Thomas,* 109 Wn.2d 222, 225-26, 743 P.2d 816 (1987); *Strickland v. Washington,* 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). A claim of ineffective assistance can be raised for the first time on appeal. *State v. Kyllo,* 166 Wn.2d 856, 862, 215 P.3d 177 (2009). However, when resolution of an ineffective assistance claim requires analyzing facts outside of the record, the avenue for relief is a personal restraint petition, not an appeal. *State v. McFarland,* 127 Wn.2d 322, 335, 899 P.2d 1251 (1995).

3

Mr. Jerred claims his trial attorney was ineffective by failing to object to police testimony regarding informant reliability and the meaning of a recorded conversation. From the record at hand, we are unable to discern whether trial counsel's decision not to object was strategic. But in any event, Mr. Jerred cannot show prejudice. The State's evidence of guilt was overwhelming. Most significantly, Mr. Jerred admitted in his testimony that he possessed the drugs at issue in the case and delivered them to the informant when the informant came to his house. From his testimony, it appears Mr. Jerred believed he was innocent because he did not own the drugs and did not sell them to the informant. This belief was mistaken. Mr. Jerred's attorney's failure to object to police testimony did not impact the jury's verdict.

*Sentencing Errors*

The parties agree that remand for resentencing is appropriate to address several errors. They include:

- The imposition of consecutive sentences for school bus stop enhancements without an exceptional sentence determination under RCW 9.94A.589(1)(a). *State v. Conover*, 183 Wn.2d 706, 708, 719, 355 P.3d 1093 (2015).

4

- Inclusion of prior convictions in Mr. Jerred's criminal history score that were neither admitted nor proven. *State v. Hunley*, 175 Wn.2d 901, 909-10, 287 P.3d 584 (2012).

- Failure to conduct an individualized inquiry prior to imposing a drug fund contribution. RCW 10.01.160(3); *State v. Blazina*, 182 Wn.2d 827, 837-38, 344 P.3d 680 (2015); *State v. Hunter*, 102 Wn. App. 630, 639, 9 P.3d 872 (2000) (the statute requires "the amount of the contribution to be based on the costs of the investigation").

In addition, the parties agree that the sentencing court should have included counts one and two, counts three and four, and counts five and six as the same criminal conduct. *See Garza-Villarreal*, 123 Wn.2d at 44-45. We concur with the aforementioned proposed dispositions. Accordingly, Mr. Jerred's sentence is reversed and the matter is remanded for resentencing.

Mr. Jerred makes two additional claims of sentencing error, one pertaining to a scrivener's error and the other pertaining to an excessive amount of community custody. Because we are reversing Mr. Jerred's sentence and remanding for resentencing, we need not address his claims at this juncture. Should similar errors arise on remand, they can be addressed at that time.

STATEMENT OF ADDITIONAL GROUNDS

In his statement of additional grounds (SAG), Mr. Jerred claims that defense counsel was ineffective for not: (1) calling all of the witnesses on a witness list he provided to defense counsel, (2) discussing whether to stipulate to a second continuance with the State, (3) discussing the amended information with him, (4) conducting a pretrial investigation, and (5) objecting to an officer's testimony at trial, when Mr. Jerred claims to have never met the officer.

Mr. Jerred's complaints relate to facts and materials that exist outside the trial record. Accordingly, they must be raised in a personal restraint petition, not an appeal. *McFarland*, 127 Wn.2d at 335.

Mr. Jerred also makes two other claims in his SAG. These two claims are difficult to decipher, but Mr. Jerred does not appear to be presenting any legal issues for review. Instead, he is expressing confusion over some of the events at trial, without explaining what he would like this court to review. If a SAG argument does not inform the court of the nature and occurrence of the alleged errors, review may be declined. *State v. Alvarado*, 164 Wn.2d 556, 569, 192 P.3d 345 (2008); RAP 10.10(c). We decline to review the remaining arguments in Mr. Jerred's SAG.

No. 33948-3-III
*State v. Jerred*

## APPELLATE COSTS

In his opening brief, Mr. Jerred requests that this court not award appellate costs to the State should the State prevail on this appeal. The State has not responded to this request. In compliance with our general order, Mr. Jerred has filed an indigency report stating he has no assets or income, but has substantial debts. A majority of judges on the panel have voted to grant Mr. Jerred's request. Appellate costs will not be awarded.

## CONCLUSION

Mr. Jerred's conviction is affirmed. His sentence is reversed and the matter is remanded for resentencing.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____          _____
Fearing, C.J.                                    Korsmo, J.