[No. 59667-1.   En Banc.   December 15, 1994.]

THE STATE OF WASHINGTON, *Respondent,* v. LASSE MAGNUS VIKE, *Petitioner.*

*Suzanne Lee Elliott* and *Anna-Mari Sarkanen* of *Washington Appellate Defender Association,* for petitioner.

*Norm Maleng, Prosecuting Attorney,* and *Rian Ebesugawa* and *Peter Goldman, Deputies,* for respondent.

DURHAM, J. — Lasse Vike challenges a decision of the Court of Appeals affirming his sentences on two counts of

possession of a controlled substance. The two counts stemmed from Vike's simultaneous possession of two different controlled substances: heroin and clonazepam. Vike pleaded guilty to both counts. In computing his sentence, the trial court scored each count as a separate offense. The Court of Appeals affirmed, holding that the two crimes did not encompass the same criminal conduct. In light of our recent decision in *State v. Garza-Villarreal*, 123 Wn.2d 42, 864 P.2d 1378 (1993), we reverse and remand for resentencing.

Store security officers detained Vike at a department store for suspicion of shoplifting. A police officer who came to investigate performed a search incident to arrest and discovered a small quantity of heroin and clonazepam. Vike was charged by Amended Information with two counts of unlawful possession of a controlled substance in violation of RCW 69.50.401(d).[1] Count 1 alleged Vike possessed heroin on March 26, 1990; count 2 alleged he possessed clonazepam on the same date. Vike pleaded guilty to both counts. The trial court ruled that the two counts were significantly different crimes and, therefore, could not be considered as the same criminal conduct for purposes of sentencing. Vike was sentenced to concurrent terms of 90 days, with 30 days of confinement to be converted to 240 hours of community service, while 60 days were to be served in work release.[2] We must answer the question: Do concurrent counts of simple possession of two or more controlled substances encompass "the same criminal conduct" under RCW 9.94A.400(1)(a)? We hold that, on the narrow facts before us, simultaneous simple possession of two or more controlled substances encompasses the same criminal conduct for sentencing purposes.

---

[1]RCW 69.50.401(d) provides:

"It is unlawful for any person to possess a controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription . . . .. Any person who violates this subsection is guilty of a crime, and upon conviction may be imprisoned for not more than five years, fined not more than ten thousand dollars, or both . . .".

[2]Though Vike was sentenced to 90 days in jail, the issue is not moot. Should Vike ever be sentenced again under the Sentencing Reform Act of 1981, RCW 9.94A, the question of how these two convictions should be scored will arise.

Our holding is dictated by our decision in *Garza-Villarreal*. In that case, we held that (1) convictions for delivery of cocaine and delivery of heroin in the same transaction amounted to the same criminal conduct for sentencing purposes, and (2) convictions for possession with intent to deliver cocaine and possession with intent to deliver heroin in the same transaction amounted to the same criminal conduct. *Garza-Villarreal*, at 49. In a footnote, we noted that whether simultaneous simple possession of different controlled substances amounted to the same criminal conduct was not before the court. *Garza-Villarreal*, at 50 n.2. This case provides the opportunity to address that question.

We turn first to the treatment of concurrent offenses under the Sentencing Reform Act of 1981, RCW 9.94A (SRA). The SRA provides that:

> whenever a person is to be sentenced for two or more current offenses, the sentence range for each current offense shall be determined by using all other current and prior convictions as if they were prior convictions for the purpose of the offender score . . ..

RCW 9.94A.400(1)(a). There is an exception to this rule "if the court enters a finding that some or all of the current offenses encompass *the same criminal conduct*". (Italics ours.) RCW 9.94A.400(1)(a). If the offenses do encompass the same criminal conduct, they are treated as one crime for purposes of calculating the sentence. RCW 9.94A.400(1)(a).

The SRA defines "same criminal conduct" as two or more crimes that (1) require the same criminal intent, (2) are committed at the same time and place, and (3) involve the same victim. RCW 9.94A.400(1)(a). All three prongs must be met; the absence of any one of them prevents a finding of "same criminal conduct". *State v. Lessley*, 118 Wn.2d 773, 778, 827 P.2d 996 (1992). It is undisputed that Vike's two crimes were committed at the same time and place and involved the same victim (the public at large). *See State v. Rodriguez*, 61 Wn. App. 812, 816, 812 P.2d 868, *review denied*, 118 Wn.2d 1006 (1991). The sole remaining question is the status of the intent inquiry in the context of simultaneous possession of different controlled substances.

■ We have held that in construing the "same criminal intent" prong, the standard is the extent to which the criminal intent, objectively viewed, changed from one crime to the next. *State v. Dunaway*, 109 Wn.2d 207, 215, 743 P.2d 1237, 749 P.2d 160 (1987). This, in turn, can be measured in part by whether one crime furthered the other. *Garza-Villarreal*, 123 Wn.2d at 47; *State v. Collicott*, 118 Wn.2d 649, 668-69, 827 P.2d 263 (1992); *Lessley*, 118 Wn.2d at 778; *Dunaway*, 109 Wn.2d at 217.

Vike argued at sentencing that the two offenses encompassed the same criminal conduct because each involved possession of a controlled substance. Both the trial court and the Court of Appeals concluded, however, that the criminal purpose or intent in each crime was different because the objective in possessing heroin was distinct from the objective in possessing clonazepam. *State v. Vike*, 66 Wn. App. 631, 634, 834 P.2d 48 (1992). However, this conclusion is at odds with the approach we took in *Garza-Villarreal*.

Under *Garza-Villarreal*, there is "one overall criminal purpose" in possessing cocaine and heroin with intent to deliver — "an intent to deliver any controlled substance in the future." *Garza-Villarreal*, at 49. Likewise, there is "one overall criminal purpose" in concurrent counts of delivery involving heroin and cocaine in the same transaction — "an intent to deliver any controlled substance in the present." *Garza-Villarreal*, at 49.[3] That different controlled substances were involved does not of itself create a difference in intent. "The fact that the two charges involved different drugs does not by itself evidence any difference in intent." 123 Wn.2d at 49.

We arrived at these conclusions in *Garza-Villarreal* based on the fact that differences in criminal intent are implicitly defined by differences in the statutory definitions of (1) delivery and (2) possession with intent to deliver. As the

---

[3]Multiple transactions presuppose a change in criminal intent, objectively viewed. Thus, evidence of intent to deliver in multiple transactions grounds a finding that possession of different controlled substances with intent to deliver does not encompass the same criminal conduct. *Garza-Villarreal*, at 49.

State points out, in possession with intent cases, the State is required to prove that the accused intended to deliver the controlled substances at the present time or some time in the future. Moreover, when a person possesses two drugs with the intent to deliver, the defendant still has a single mental state.

However, in a prosecution for simple possession under RCW 69.50.401(a), there is no intent requirement. The State need not prove either knowledge or intent to possess. *State v. Staley*, 123 Wn.2d 794, 872 P.2d 502 (1994). Aside from the unwitting possession defense, possession is a strict liability crime. *Staley*, at 798-800.

In addition, while the furtherance test developed in *Dunaway* and progeny could be applied to the facts in *Garza-Villarreal*, 123 Wn. 2d at 49, it is difficult to apply this test to the facts in a simple possession case. The only situation in which the simultaneous possession of two different controlled substances would "further" each other is where the drugs are usually taken at the same time or have a synergistic effect. As Vike points out, the furtherance test lends itself to sequentially committed crimes. Its application to crimes occurring literally at the same time is limited.[4]

Moreover, it would be inconsistent to allow simple possession sentences to be increased based solely on the possession of more than one controlled substance, while at the same time prohibiting any increase in sentences for delivery or possession with intent to deliver based on the same factor. As Vike points out, a drug seller who intends to sell two drugs in a single transaction would be sentenced as though a single crime had been committed, while the purchaser of the same two drugs would be sentenced as though he or she had committed two separate crimes.

Accordingly, we hold concurrent counts involving simultaneous simple possession of more than one controlled sub-

---

[4]Precisely because possession is a strict liability crime, the State need not prove any related acquisition or use or length of possession. By the same token, however, it would appear necessary to conceive of Vike's two offenses of possession as simultaneous.

stance encompass the same criminal conduct for sentencing purposes. We reverse and remand for resentencing.

ANDERSEN, C.J., and UTTER, BRACHTENBACH, DOLLIVER, SMITH, JOHNSON, GUY, and MADSEN, JJ., concur.