[No. 66844-2. Department Two.]
Considered June 16, 1998. Decided November 19, 1998.

THE STATE OF WASHINGTON, *Respondent*, v. GUSTAVO
DEHARO, *Petitioner.*

Law Office of Clayton R. Dickinson, by Clayton R. Dickinson, for petitioner.

John W. Ladenburg, Prosecuting Attorney, and Thomas C. Roberts, Deputy, for respondent.

PER CURIAM — Gustavo Deharo was convicted of conspiracy to deliver heroin and possession of heroin with intent to deliver. He claims the two crimes encompass the same criminal conduct. We agree.

## FACTS

Tacoma police officers observed Deharo selling drugs to several men. When police arrested him, he was carrying six bindles of heroin and $318 in cash. He was subsequently convicted of conspiracy to deliver heroin and possession with intent to deliver. His conspirator—a middleman in some of the observed transactions—was separately convicted of conspiracy.

At sentencing, Deharo argued that the two counts encompassed the same criminal conduct, and his standard

range should therefore be 21 to 27 months. The trial court disagreed, determined the range to be 36 to 48 months, and sentenced Deharo to 42 months. The Court of Appeals affirmed. We granted review and remanded for reconsideration in light of *State v. Porter*, 133 Wn.2d 177, 181, 942 P.2d 974 (1997). On remand, the Court of Appeals distinguished *Porter* and again affirmed. We again grant review and reverse the Court of Appeals.

## ISSUE

Whether the two crimes encompass the same criminal conduct.

## ANALYSIS

 Crimes encompass the same criminal conduct if they involve the same criminal intent and were committed against the same victim at the same time and place. RCW 9.94A.400(1); *State v. Vike*, 125 Wn.2d 407, 410, 885 P.2d 824 (1994). Deharo's two crimes were committed at the same time and place, and the victim of both was the public at large. *See State v. Porter*, 133 Wn.2d at 181. *State v. Garza-Villarreal*, 123 Wn.2d 42, 47, 864 P.2d 1378 (1993). The dispositive issue, then, is whether they involved the same criminal intent. The definition of same criminal conduct requires inquiry into the defendant's "objective intent." *State v. Porter*, 133 Wn.2d at 185. We have applied this standard in a series of drug cases, most recently in *Porter*. The defendant there sold methamphetamine to a police officer, who then asked her if she had any marijuana. She was arrested after selling him some of that drug as well. We held that those crimes encompassed the same criminal conduct. They "occurred in a continuing, uninterrupted sequence of conduct as part of a recognizable scheme to sell drugs." *Id.* at 185-86 (distinguishing *State v. Burns*, 114 Wn.2d 314, 788 P.2d 531 (1990) (delivery count required intent to sell in the present, whereas possession with intent to deliver involved intent to sell in the future)

and *State v. Maxfield*, 125 Wn.2d 378, 886 P.2d 123 (1994) (manufacturing marijuana involved past and present intent to grow, whereas possession of packaged marijuana involved intent to deliver in the future)).

Similarly, in the present case, the "objective intent" underlying the two charges is the same—to deliver the heroin in one or both conspirators' possession. Possessing that heroin was the "substantial step" used to prove the conspiracy. Since both crimes therefore involved the same heroin, it makes no sense to say one crime involved intent to deliver that heroin now and the other involved intent to deliver it in the future. Nor is there any factual basis for distinguishing the two crimes based on objective intent to deliver some now and some later. Under the reasoning in *Porter*, the two crimes should be treated as encompassing the same criminal conduct.

## CONCLUSION

This case is controlled by our reasoning in *Porter*. The Court of Appeals decision is reversed, and the case is remanded to the superior court for resentencing.