IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 30445-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MARK A. MONTGOMERY, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

BROWN, J. — A jury found Mark A. Montgomery guilty of four counts of third degree rape of a child. He appeals his sentence, arguing his defense attorney was ineffective for failing to argue that three of his convictions constituted the same criminal conduct for sentencing purposes. We affirm.

FACTS

In 2010, 17-year-old L.M. reported her uncle, Mr. Montgomery, sexually abused her. The first occasion was in June 2007. L.M. alleges she went to a storage facility with her uncle where Mr. Montgomery forced her to perform oral sex.

The second occasion was in July 2007. L.M. walked in her sister's bedroom and saw Mr. Montgomery sitting on her sister's bed. L.M. said she sat on the edge of the bed next to Mr. Montgomery, but eventually slid back further onto the bed and sat with her

back against the wall. L.M. claims Mr. Montgomery moved back by her and put his hand down her pants and touched her vagina, and he eventually put his finger inside of her. The third occasion occurred when, after touching her vagina, a few minutes later Mr. Montgomery then forced L.M. onto her stomach, removed her pants and underwear, and penetrated her anally with his penis. L.M. said she "freaked out," put her clothes on, and "took off to the bathroom." Report of Proceedings (RP) (Oct. 20, 2011) at 245. The fourth occasion occurred upon returning to the room. Mr. Montgomery pulled her back on to the bed, removed her clothes again, and penetrated her vagina with his penis, engaging in intercourse until he ejaculated.

The State charged Mr. Montgomery with four counts of third degree child rape. The State alleged Mr. Montgomery raped L.M. once in June 2007 and three times in July 2007. A jury found Mr. Montgomery guilty as charged. The court calculated his offender score as 9 based on the current offenses (he had no prior felony convictions) and sentenced him to 60 months. Defense counsel did not raise any same criminal conduct argument. Mr. Montgomery appealed.

## ANALYSIS

The issue is whether Mr. Montgomery was denied effective assistance of counsel. He contends his trial counsel was deficient for failing to allege the July 2007 incidents

2

entailed the same criminal conduct for sentencing purposes, resulting in a higher than warranted sentence.[1]

To prevail on his ineffective assistance of counsel claim, Mr. Montgomery must show his counsel's representation fell below an objective standard of reasonableness and prejudice from that conduct. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To establish ineffective assistance of counsel, Mr. Montgomery must demonstrate both (1) defense counsel's representation fell below an objective standard of reasonableness and (2) resulting prejudice. *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995). If a defendant fails to establish either prong, we need not inquire further. *State v. Hendrickson*, 129 Wn.2d 61, 78, 917 P.2d 563 (1996).

We strongly presume trial counsel provided effective assistance. *State v. Tilton*, 149 Wn.2d 775, 784, 72 P.3d 735 (2003). If defense counsel's trial conduct can be characterized as legitimate trial strategy or tactics, it cannot provide a basis for a claim of

---

[1] We note an appellant is generally barred from a same criminal conduct claim for the first time on appeal; but since Mr. Montgomery raises his claim within an ineffective assistance of counsel claim, this issue is properly before this court. *See In re Pers. Restraint of Shale*, 160 Wn.2d 489, 495-96, 158 P.3d 588 (2007) (defendant waived challenge by agreeing to the offender score without challenging the score computation); *see State v. Greiff*, 141 Wn.2d 910, 924, 10 P.3d 390 (2000) (a defendant may claim ineffective assistance of counsel for the first time on appeal because the claim of error is of constitutional magnitude).

ineffective assistance of counsel. *State v. Aho*, 137 Wn.2d 736, 745-46, 975 P.2d 512 (1999).

RCW 9.94A.589(1)(a) states,

> [W]henever a person is to be sentenced for two or more current offenses, the sentence range for each current offense shall be determined by using all other current and prior convictions as if they were prior convictions for the purpose of the offender score: PROVIDED, That if the court enters a finding that some or all of the current offenses encompass the same criminal conduct then those current offenses shall be counted as one crime.

RCW 9.94A.589(1)(a) defines "same criminal conduct" as "two or more crimes that require the same criminal intent, are committed at the same time and place, and involve the same victim." Absent any definitional element, multiple offenses are not the same criminal conduct and each conviction must be counted separately in calculating an offender score. *State v. Lessley*, 118 Wn.2d 773, 778, 827 P.2d 996 (1992).

When considering if crimes encompass the same criminal intent, courts focus on the extent to which the criminal intent, viewed objectively, changed from one crime to the next. *State v. Dunaway*, 109 Wn.2d 207, 215, 743 P.2d 1237, 749 P.2d 160 (1987). "This analysis may include, but is not limited to, the extent to which one crime furthered the other, whether they were part of the same scheme or plan and whether the criminal objectives changed." *State v. Calvert*, 79 Wn. App. 569, 578, 903 P.2d 1003 (1995). Crimes may involve the same intent if they were part of a continuous transaction or

4

involved a single, uninterrupted criminal episode. *State v. Deharo*, 136 Wn.2d 856, 858-59, 966 P.2d 1269 (1998). Crimes do not, however, involve the same intent when there are "'sequential'" instead of "'simultaneous or continuous'" events. *State v. Tili*, 139 Wn.2d 107, 124, 985 P.2d 365 (1999) (quoting *State v. Grantham*, 84 Wn. App. 854, 857, 932 P.2d 657 (1997)).

L.M. testified that in July 2007 she was on her sister's bed and Mr. Montgomery positioned himself by her and put his hand down her pants and touched her vagina and eventually put his finger inside of her. After touching her vagina, Mr. Montgomery changed positions and forced L.M. onto her stomach, removed her pants and underwear, and penetrated her anally with his penis. L.M. then "freaked out," put her clothes on, and "took off to the bathroom." RP (Oct. 20, 2011) at 245. Upon returning to the room, Mr. Montgomery pulled her back on the bed, removed her clothes again, and penetrated her vagina with his penis and engaged in intercourse until he ejaculated.

Given the short breaks between the different counts, Mr. Montgomery had time to pause, reflect, and either cease or continue. He objectively could have been found by the jury to have formed new criminal intent to penetrate L.M. in three different ways at three different times. Thus, the crimes do not encompass the same criminal conduct.

Since a same criminal conduct argument likely would not have been successful, counsel's performance was not deficient. Additionally, Mr. Montgomery cannot establish prejudice. The two crimes most closely related in time would be the digital

5

penetration and the anal penetration. Even assuming those crimes would be counted as one, Mr. Montgomery would still have an offender score of six. *See* RCW 9.94A.525(17) (count three points for each prior sex offense); RCW 9.94A.589(1)(a) (count all other current convictions as if they are prior convictions for the purposes of the offender score). Because third degree child rape has a seriousness level of VII, Mr. Montgomery's sentence range would be between 46 and 61 months with an offender score of six. RCW 9.94A.510. He received a 60-month sentence. Thus, it cannot be said that "the proceeding would have been different but for counsel's deficient representation." *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995). Given all, Mr. Montgomery's ineffective assistance of counsel claim fails.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Brown, J.

WE CONCUR:

_____
Korsmo, C.J.

_____
Kulik, J.