# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 68312-8-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AMY S. SONG, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: June 3, 2013 |
| | ) | |

VERELLEN, J. — Amy Song appeals her conviction for one count of second degree theft and one count of second degree malicious mischief. She argues that insufficient evidence supported the malicious mischief, and that she received ineffective assistance of counsel when her trial counsel did not argue that the two offenses constituted the same criminal conduct for purposes of sentencing. Neither argument is persuasive. We affirm.

## FACTS

Song entered a clothing store carrying a large, empty duffel bag. An employee helped Song take items from the racks to a dressing room. Every item of merchandise in the store had a security tag with an electronic sensor. No items of merchandise and no loose security tags were in the dressing room before Song entered. A special device is required to remove the tags, which make a clicking sound when removed.

Song remained in the dressing room for two hours. An employee heard clicking sounds coming from the dressing room. Song emerged from the dressing room with her duffel bag full. She left the store without paying and went to her car.

Employees entered the dressing room and found many items were gone and others were damaged. They found loose security tags on the dressing room floor and in the pockets of a coat. The employees called police.

Song returned to the store carrying her duffel bag, now empty. She was upset to find that the employees had cleared out the items from the dressing room, and asked that the items be brought back. She reentered the dressing room.

Sergeant Johnson of the Tukwila Police Department arrived. He saw items bearing the store's logo in plain view in the back seat of Song's car. Sergeant Johnson entered the store, and asked Song to come out of the dressing room. When she emerged, he arrested her. Employees subsequently identified items in Song's car as merchandise removed from the store.

Song was charged with second degree theft and second degree malicious mischief. A jury found her guilty as charged.

Song appeals.

### DISCUSSION

*Sufficient Evidence*

Song asserts that insufficient evidence was presented for a rational juror to find her guilty of second degree malicious mischief.[1] Her argument is not persuasive.

---

[1] The sufficiency of the evidence is an issue of constitutional magnitude, which a defendant may raise for the first time on appeal. State v. Alvarez, 128 Wn.2d 1, 10, 904 P.2d 754 (1995).

A challenge to the sufficiency of evidence admits the truth of the State's evidence and all reasonable inferences that can be drawn therefrom.[2] We review a claim of insufficiency of the evidence to determine whether, "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[3]

As charged, the relevant statute provides:

> (1) A person is guilty of malicious mischief in the second degree if he or she knowingly and maliciously:
>
> (a) Causes physical damage to the property of another in an amount exceeding seven hundred fifty dollars.[4]

Under this statute, to constitute malicious mischief, the defendant must act knowingly and with malice.[5] A person acts knowingly if she is aware of facts or circumstances or results described as a crime.[6] "Malice" means "an evil intent, wish, or design to vex, annoy, or injure another person" and may be inferred from an act done in willful disregard of another's rights or an act wrongfully done without just cause or excuse.[7]

The evidence at trial amply supports a reasonable juror's conclusion that Song acted with the requisite knowledge and malice in destroying the clothing. The very act of damaging the clothing, including ripping a garment, is sufficient evidence from which a jury could reasonably infer malice, separate from the intent to steal. A reasonable

---

[2] State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992).

[3] Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979).

[4] RCW 9A.48.080(1)(a).

[5] RCW 9A.48.080.

[6] RCW 9A.08.010(1)(b)(i).

[7] RCW 9A.04.110(12).

juror could readily conclude that the damage was done in willful disregard of the store's rights, or wrongfully done without just cause or excuse. This evidence was sufficient to support the jury's verdict finding the defendant guilty of second degree malicious mischief.

### Effective Assistance of Counsel

Song contends that defense counsel rendered ineffective assistance by failing to argue that the two offenses constituted the same criminal conduct for purposes of calculating her offender score. To prevail, Song must show that counsel's performance was deficient and that she was thereby prejudiced.[8] Counsel's performance is deficient when it falls below an objective standard of reasonableness.

A sentencing court calculates the offender score by adding current offenses and prior convictions.[9] The offender score for each current offense includes all other current offenses unless the trial court finds "that some or all of the current offenses encompass the same criminal conduct."[10] Where the court makes such a finding, those current offenses are counted as one crime for sentencing purposes.[11]

Offenses constitute the same criminal conduct if they are (1) committed with the same criminal intent, (2) committed at the same time and place, and (3) involve the same victim.[12] In determining whether multiple crimes constitute the same criminal

---

[8] State v. Thomas, 109 Wn.2d 222, 225-26, 743 P.2d 816 (1987) (quoting Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)).

[9] RCW 9.94A.589(1)(a).

[10] RCW 9.94A.589(1)(a).

[11] RCW 9.94A.589(1)(a).

[12] RCW 9.94A.589(1)(a); State v. Vike, 125 Wn.2d 407, 410, 885 P.2d 824 (1994).

conduct, courts consider "how intimately related the crimes committed are," "whether, between the crimes charged, there was any substantial change in the nature of the criminal objective," and "whether one crime furthered the other."[13]

Song argues that "the only issue is whether Ms. Song's intent was the same" for the malicious mischief conviction and the theft conviction.[14] The underlying criminal statutes require a different intent for second degree malicious mischief and second degree theft.[15] Second degree theft requires intent to deprive another of property.[16] By contrast, the intent necessary for a malicious mischief conviction is to "knowingly and maliciously" cause damage to the property of another.[17] Malice is defined as "an evil intent, wish, or design to vex, annoy, or injure another person."[18]

Viewed objectively, the criminal intent to damage is different from the criminal intent to possess. One of the items Song damaged was a silk dress. Witness Victoria Hill testified that Song "popped a sensor and she put it directly in the middle of a silk dress, which ruined the dress. . . . And she didn't care, she just [attached the tag] right in the middle of the dress, so it ruined the dress" by ripping the silk.[19] Hill explained that the other items were also damaged by Song attaching additional security tags. "[S]he ended up damaging at least three, maybe four [items] from putting the sensor here."[20]

---

[13] State v. Burns, 114 Wn.2d 314, 318, 788 P.2d 531 (1990).

[14] Appellant's Br. at 11.

[15] State v. Price, 103 Wn. App. 845, 857, 14 P.3d 841 (2000).

[16] RCW 9A.56.040(1)(a).

[17] RCW 9A.48.080(1)(a), (2).

[18] RCW 9A.04.110(12).

[19] Report of Proceedings (Sept. 13, 2011) at 31.

[20] Id. at 36.

Song damaged the items to the extent that some were not able to be placed back on the racks for sale. But Song also left many of the tags on the floor and in the pockets of a coat. The evidence reasonably reflects that Song intended to damage the clothes by attaching the tags, instead of simply leaving the tags on the floor, as she did with many other tags.

Given these circumstances, the record on appeal does not demonstrate that Song's counsel was ineffective for not arguing that the theft and malicious mischief constituted the same criminal conduct at sentencing. Moreover, Song fails to demonstrate any prejudice. The record on appeal does not demonstrate a reasonable probability that the trial court would have determined the malicious mischief to be the same criminal conduct as the theft.[21] Song's claim of ineffective assistance of counsel fails.

Affirmed.

WE CONCUR:

---

[21] To demonstrate prejudice, the defendant must show that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Thomas, 109 Wn.2d at 226 (emphasis omitted) (quoting Strickland, 466 U.S. at 694).

6