IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | | |
|---|---|---|---|
| STATE OF WASHINGTON, | ) | | |
| | ) | No. 68619-4-I | |
| Respondent, | ) | | |
| | ) | DIVISION ONE | |
| v. | ) | | |
| | ) | | |
| ANDREW SIMON LOPEZ, | ) | UNPUBLISHED OPINION | |
| | ) | | |
| Appellant. | ) | FILED: September 16, 2013 | |
| | ) | | |

BECKER, J. — Andrew Lopez appeals his convictions for second degree assault and felony harassment, arguing that the trial court violated his speedy trial right. He also contends that the charging document and jury instructions omitted an essential element of the crime of felony harassment. Lopez challenges his sentence, claiming that the trial court erred in determining his two crimes did not constitute the same criminal conduct. The State concedes that the trial court failed to indicate on the judgment and sentence that the imposed confinement terms were to be served concurrently and joins Lopez in requesting remand to correct the clerical error. Because review of his speedy trial claim is barred and Lopez fails to demonstrate any error other than the conceded clerical error, we affirm his convictions and sentence but remand for correction of the judgment and sentence.

FACTS

In the early morning hours of October 4, 2011, Andrew Lopez and Sophia Mohani got into an argument in the apartment they shared with their child. When Mohani fell to the floor of their bedroom, Lopez got on top of her and squeezed his hands around her neck while threatening to kill her. Mohani got away, but the argument continued in the bathroom, where she again fell to the floor and Lopez choked her and threatened her. Eventually, Mohani escaped his grasp, went to the bedroom for their son, and then locked herself and their son in the bathroom, where she called her mother. Mohani's mother called the police. The police arrived and arrested Lopez.

The State charged Lopez with second degree assault and felony harassment. Lopez appeared for arraignment in custody on October 20, 2011. The trial court entered a 60-day time for trial expiration date of December 19, 2011. On November 1, the court set a trial date of December 14. While Lopez remained in jail, the court both continued the trial date and extended the expiration date many times, about three or four times each week, until beginning trial on March 26, 2012. In the order granting the final continuance under CrR 3.3(f)(2) on March 22, 2012, the trial court noted an expiration date of April 25, 2012. In this manner, the court maintained an expiration date 30 days beyond the date set for trial.

At a hearing on February 21, 2012, defense counsel informed the court that Lopez wanted new counsel, stating:

> He wants a speedy trial. We're not going to continue it. So here we are, some two months after his expiration date and Mr.

2

Lopez has asked me on several occasions to do a motion to dismiss for a violation of his speedy trial.

I've tried to explain to him that under the current court rule and the way the speedy trial rule is written, in effect there really is no speedy trial rule. And he says that he needs a new lawyer who understands the speedy trial rule. I said, "You're free to ask Judge Kessler, but I think he'll explain to you that there really is no teeth to our speedy trial rule." So here we are.

Defense counsel did not ask for a ruling on Lopez's request for new counsel, and the trial court pointed out that appointment of new counsel would cause additional delay. The trial court granted Lopez's alternative request to set a bond hearing.

On the first day of trial, March 26, Lopez filed a written motion to dismiss the charges, alleging a violation of the CrR 3.3 speedy trial rule. Lopez claimed that his time for trial expired on December 19, 2011, 60 days after his arraignment, because he did not request a continuance or waive his right to a speedy trial. The trial court denied the motion. Following trial, the jury found Lopez guilty as charged. At sentencing, the trial court rejected Lopez's claim that the two crimes constituted the same criminal conduct for offender score purposes and imposed a standard range sentence with confinement terms of 14 months on the assault and 12 months on the harassment, to be served concurrently.

Lopez appeals.

## ANALYSIS

### SPEEDY TRIAL

Lopez first contends he was denied his right to a speedy trial under CrR 3.3 when the trial court granted 49 trial continuances, including "7 unexplained continuances for lack of judicial availability or court congestion." Lopez also

generally faults the trial court for entering 42 other continuances based on unavailability of the deputy prosecutor, contending that the court abused its discretion by failing to sufficiently inquire into alternatives to additional delay. He claims that the trial court violated his constitutional right to due process by failing to create a record of the basis for each continuance.

The trial court is responsible for ensuring compliance with the time for trial rule. CrR 3.3(a)(1). The court may grant a continuance where it is required in the administration of justice, provided that the defendant will not be substantially prejudiced in the presentation of his defense. CrR 3.3(f)(2). In granting a continuance, the court must state on the record or in writing the reasons for the continuance. CrR 3.3(f)(2). Furthermore, periods of delay resulting from the grant of a continuance are excluded in computing the time for trial period. CrR 3.3(e). CrR 3.3(b)(5) provides: "If any period of time is excluded pursuant to section (e), the allowable time for trial shall not expire earlier than 30 days after the end of that excluded period." Any party objecting to a trial date "upon the ground that it is not within the time limits prescribed by" CrR 3.3 must move, within 10 days, "that the court set a trial within those time limits." CrR 3.3(d)(3). "A party who fails, for any reason, to make such a motion shall lose the right to object that a trial commenced on such a date is not within the time limits prescribed by this rule." CrR 3.3(d)(3).

We agree with Lopez that the number of continuances granted here is troubling. And he may have a valid point that his experience is the result of a systematic problem with understaffing and/or a lack of sufficient inquiry by the

4

trial court into alternatives. But Lopez failed to file a timely objection and move the court to set a trial before the December 19, 2011, expiration date as required by CrR 3.3(d)(3). Review of this issue is therefore barred. CrR 3.3(d)(3); RAP 2.5(a). And we are not persuaded by Lopez's unsupported attempt to transform this issue into a constitutional due process claim. State v. Smith, 104 Wn.2d 497, 508, 707 P.2d 1306 (1985) ("Violations of CrR 3.3 are not constitutionally based.").

However, we take this opportunity to note that we disagree with trial counsel's characterization of CrR 3.3 as "in effect . . . no speedy trial rule," and a rule with "no teeth." CrR 3.3(d) explicitly provides a procedure by which a party may challenge the trial court's rulings regarding the trial date, and CrR 3.3(h) provides a remedy of dismissal with prejudice if a charge is not brought to trial within the time limit determined under the rule. The fact that CrR 3.3(d) imposes specific obligations on the defendant does not eviscerate the rule as a whole or eliminate the potential for a remedy under the appropriate circumstances.

TRUE THREAT

Lopez next argues that the charging document and the to-convict instruction lacked all essential elements of felony harassment because they did not allege Lopez's threat was a "true threat." The Supreme Court recently held the true threat requirement is not an essential element of the crime of felony harassment. State v. Allen, 176 Wn.2d 611, 626-30, 294 P.3d 679 (2013) (First Amendment protections limiting the criminalization of threatening language to only "true threats," defines, rather than constitutes, an essential element of felony

harassment and need not be included in the information or to-convict instruction). Following Allen, we reject this claim.

SAME CRIMINAL CONDUCT

Lopez next contends that the assault and harassment were the same criminal conduct and the trial court erred in concluding otherwise.

When imposing a sentence for multiple current offenses, the sentencing court determines the offender score by considering all other current and prior convictions as if they were prior convictions. RCW 9.94A.589(1)(a). However, if the sentencing court finds that some or all of the current convictions encompass the same criminal conduct, then those offenses are counted as a single crime. RCW 9.94A.589(1)(a).

Crimes constitute the "same criminal conduct" when they "require the same criminal intent, are committed at the same time and place, and involve the same victim." RCW 9.94A.589(1)(a). The offenses must be counted separately unless all three elements are present. State v. Porter, 133 Wn.2d 177, 181, 942 P.2d 974 (1997). Courts construe RCW 9.94A.589(1)(a) narrowly, disallowing most assertions of same criminal conduct. State v. Wilson, 136 Wn. App. 596, 613, 150 P.3d 144 (2007). In construing the intent element, the standard is the extent to which the criminal intent, objectively viewed, changed from one crime to the next. State v. Vike, 125 Wn.2d 407, 411, 885 P.2d 824 (1994). Whether one crime furthered the other is relevant. Vike, 125 Wn.2d at 411. The defendant bears the burden of production and persuasion as to same criminal conduct. State v. Graciano, 176 Wn.2d 531, 540, 295 P.3d 219 (2013).

We review the sentencing court's determination regarding same criminal conduct for abuse of discretion or misapplication of law.[1] Graciano, 176 Wn.2d at 537-38. Where the record supports only one conclusion, the sentencing court abuses its discretion by arriving at a contrary result. Graciano, 176 Wn.2d at 538. Where the record adequately supports either conclusion, the result is within the court's discretion. Graciano, 176 Wn.2d at 538.

There is no dispute that the crimes were committed at the same time and place and involved the same victim. Lopez contends the trial court erred in determining that his crimes differed in criminal intent. He claims that the objective intent in the assault and harassment were the same, that is, to dominate Mohani and instill fear. Lopez contends that case law compels a finding of same criminal conduct.

But the cases on which Lopez relies do not require such a result here because (1) defense counsel raised the issue at sentencing, (2) the charged crimes differed in statutory intent, and (3) the evidence did not indicate that one crime furthered the other. Cf. State v. Saunders, 120 Wn. App. 800, 824-25, 86 P.3d 232 (2004) (defendant received ineffective assistance when defense counsel failed to make same criminal conduct argument where evidence and case law provided potential support); State v. Tili, 139 Wn.2d 107, 124-25, 985 P.2d 365 (1999) (trial court abused its discretion by treating three counts of first degree rape committed continuously within a two-minute time frame as separate and distinct conduct without articulating any viable basis for such a finding);

---

[1] Lopez argues for a different standard, but he filed his brief in this case before the Supreme Court issued its opinion in Graciano. Because that case settles any question as to the applicable standard, we need not address Lopez's arguments.

State v. Taylor, 90 Wn. App. 312, 321-22, 950 P.2d 526 (1998) (defendant entitled to have assault and kidnapping committed simultaneously treated as the same criminal conduct where there was no evidence of assaultive behavior during the kidnapping with any purpose beyond facilitating and furthering the abduction).

Defense counsel argued at sentencing that Lopez's intent, "to perhaps kill" Mohani, did not change as he simultaneously strangled her and threatened to kill her. Lopez argues on appeal that the objective intent of simultaneously strangling and threatening a victim is to dominate the victim and instill fear. But as the State points out, viewed objectively, the evidence supports an inference that Lopez intended to cause physical harm or death by strangling Mohani and that he intended to frighten her with his verbal threats to kill her. The two crimes have different statutory intents: the intent for second degree assault as charged is to assault by strangulation and the intent for felony harassment is to knowingly threaten to kill. RCW 9A.36.021(1)(g); RCW 9A.46.020(1), (2). Lopez does not argue, and the evidence in the record does not conclusively establish, that he committed either crime to facilitate or further the other. Under these circumstances, Lopez fails to demonstrate any abuse of discretion or misapplication of law in the trial court's decision to count the two crimes separately.

CLERICAL ERROR

Finally, relying on the sentencing court's oral ruling that the term of confinement on the two counts should run concurrently, Lopez contends that remand is required to amend the judgment and sentence to reflect the court's ruling. The State concedes the clerical mistake and joins Lopez in requesting remand for amendment of the judgment and sentence to state that the confinement terms for the two counts are to run concurrently. We accept the State's concession and remand for the requested amendment.

Affirmed in part and remanded.

Becker, J.

WE CONCUR: