# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 46240-1-II |
| Respondent, | consolidated with<br>No. 46244-3-II |
| v. | |
| JEFF LEROY HARP, | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, J. — Jeff Leroy Harp appeals the denial of a CrR 7.8 motion in which he sought resentencing after he pleaded guilty to taking a motor vehicle without permission in the second degree and other offenses. Harp argues that the trial court misidentified a prior conviction and that this misidentification resulted in an incorrect offender score. The State concedes error but argues that Harp's appeal is moot. We agree with the State and dismiss the appeal.

## FACTS

In 2013, the State charged Harp under two cause numbers with several property and drug crimes. The prosecutor's statement of criminal history showed that Harp's eight prior felonies included a conviction for possession of a stolen vehicle.

Under a global plea agreement, Harp pleaded guilty to taking a motor vehicle without permission in the second degree and possession of clonazepam under one cause number, and to possession of methamphetamine under the other. Harp's offender score of 12 for the motor vehicle conviction included 3 points for his prior possession of a stolen vehicle. The standard range for the current motor vehicle conviction was 22-29 months. Harp's offender scores of 10 on each

drug conviction included 1 point for the prior possession of a stolen vehicle. The standard range for the drug convictions was 12+ to 24 months.

The trial court imposed concurrent sentences of 24 months on the motor vehicle conviction and 12+ months on each drug conviction. The court also imposed 12 months of community custody on the drug convictions. In each judgment, the appendix listing Harp's criminal history included the prior conviction for possession of a stolen vehicle.

Harp subsequently filed CrR 7.8 motions under each cause number, complaining that his prior conviction for possession of a stolen vehicle was actually a conviction for illegal transfer of a vehicle and that his offender score as well as his list of criminal history needed to be corrected. The trial court denied Harp's motions in a single order.

Harp now appeals and argues that he is entitled to resentencing because, due to the misidentification of his prior conviction, the trial court miscalculated his offender score for his conviction of taking a motor vehicle without permission in the second degree.

ANALYSIS

The State concedes that Harp's offender score for the motor vehicle conviction should be 10 instead of 12 because his prior conviction was for illegal transfer of a vehicle rather than possession of a stolen vehicle. RCW 9.94A.525(7), (20). The State argues, however, that Harp's appeal is moot because there is no longer any effective remedy for this error. *See State v. Ross*, 152 Wn.2d 220, 228, 95 P.3d 1225 (2004) (case is moot if court can no longer provide meaningful relief). Harp has served his term of confinement for the motor vehicle conviction and is now serving the community custody imposed for his drug offenses.[1]

---

[1] The State also points out that Harp's standard range remains 22-29 months with the correct offender score of 10. RCW 9.94A.510.

Harp responds that his appeal is not moot because, upon resentencing, the trial court may modify the termination date of his community custody. *See State v. Harris*, 148 Wn. App. 22, 27, 197 P.3d 1206 (2008) (if an offender is on community custody that should have started earlier because he should have been released earlier, the trial court may modify the termination date of his community custody on resentencing). However, the Supreme Court has held that a term of community custody cannot be adjusted to reflect any excess time that a defendant spent in confinement. *State v. Jones*, 172 Wn.2d 236, 248-49, 257 P.3d 616 (2011); *see also State v. McAninch*, No. 46072-6-II, 2015 WL 4916399, at *5 (Wash. Ct. App. Aug. 18, 2015) (holding that personal restraint petition complaining of offender score error was moot because petitioner had served his sentence). We find the *Jones* rule particularly applicable where a mandatory term of community custody has been imposed for offenses other than the offense for which sentence credit might be appropriate. *See* RCW 9.94A.701(3)(c) (court shall impose community custody of one year for offenders sentenced to DOC custody for felony drug offenses).

Harp also contends that his appeal is not moot because the error in his criminal history may affect him in future prosecutions. Where a sentencing error could affect a future sentence, the case is not moot even though the defendant has served his sentence. *State v. Vike*, 125 Wn.2d 407, 409 n.2, 885 P.2d 824 (1994). In *Vike*, the issue was whether the defendant's two current offenses constituted the same criminal conduct. 125 Wn.2d at 409. The issue was not moot because the question of how the two convictions should be scored would arise during any future sentencing. 125 Wn.2d at 409 n.2.

The error here is different. Future sentencing courts may not rely on a statement of criminal history from a previous judgment. *Harris*, 148 Wn. App. at 28. Instead, the sentencing court must calculate the offender score on "the date of sentencing for the offense for which the offender score

is being computed." RCW 9.94A.525(1); *Harris*, 148 Wn. App. at 28. If a defendant objects to his criminal history at sentencing, the State must prove his prior convictions by the preponderance of evidence with either a certified judgment and sentence or, if none is available, other comparable evidence. *State v. Bergstrom*, 162 Wn.2d 87, 93, 169 P.3d 816 (2007). Harp has supplemented the record with the certified judgment and sentence for the prior offense at issue, and it clearly identifies that offense as one for illegal transfer of a vehicle rather than possession of a stolen vehicle. The error here will not bind future courts in sentencing Harp.

Because there is no longer any effective relief that we can provide, and because the error in identifying Harp's prior conviction will not influence future sentencing decisions, we dismiss this appeal as moot.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Melnick, J.

We concur:

_____
Johanson, C.J.

_____
Maxa, J.

4