# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 56102-6-II |
| Respondent, | |
| v. | |
| JOEL PAUL REESMAN, | UNPUBLISHED OPINION |
| Appellant. | |

PRICE, J. — Joel P. Reesman appeals his resentencing, contending that he received ineffective assistance of counsel when his defense counsel did not argue that two of his current convictions should be considered the same criminal conduct for purposes of calculating his offender score. The State concedes that the two convictions are the same criminal conduct, but argues that the appeal is moot because this court cannot provide a remedy when Reesman has already served more time than any new maximum sentence. Reesman raises additional arguments in a Statement of Additional Grounds (SAG),[1] including that convictions for both unlawful possession of a firearm and possession of an unlawful firearm for the same gun violate double jeopardy.

We accept the State's concession that two of Reesman's convictions were the same criminal conduct, but we determine that Reesman's appeal is not moot. We further determine that

---

[1] RAP 10.10.

Reesman received ineffective assistance of counsel. We reject the remainder of Reesman's claims in his SAG. We reverse the judgment and sentence and remand for resentencing.

FACTS

In 2007, Reesman was convicted of first degree unlawful possession of a firearm for a pistol (count I), first degree unlawful possession of a firearm for a short-barreled shotgun (count II), possession of an unlawful firearm for the same short-barreled shotgun (count III), and possession of a controlled substance with a deadly weapon (count IV).

Reesman had prior convictions in Oregon for first degree robbery and second degree robbery which, at the time of his sentencing, were both considered most serious offenses. Because possession of a controlled substance with a deadly weapon was his third most serious offense under RCW 9.94A.570 ("persistent offenders"), Reesman was sentenced to life in prison without the possibility of release.

Following our Supreme Court's decision in *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021), Reesman filed a motion to vacate his possession of a controlled substance charge that was part of his third most serious offense. Reesman's possession charge was vacated, and he was released from prison prior to his resentencing. At the time of his release, Reesman had served 14 years in prison.

When Reesman was initially sentenced, his offender score was five. At resentencing, the court removed only the possession charge from Reesman's offender score, reducing his offender score to four. Reesman's counsel failed to argue that the two counts related to the short-barreled shotgun (count II (unlawful possession of a firearm) and count III (possession of an unlawful firearm)) were the same criminal conduct. Reesman was resentenced to the maximum 48 months

2

of the standard range under the new offender score of four. But because Reesman was given credit for time served and had already served 14 years, he remained released from confinement.

Reesman appeals.

## ANALYSIS

### I. INEFFECTIVE ASSISTANCE OF COUNSEL

Reesman argues that he received ineffective assistance of counsel because his attorney did not challenge his convictions of unlawful possession of a firearm and possession of an unlawful firearm as being the same criminal conduct to lower his offender score. The State concedes the two convictions are the same criminal conduct, but argues the issue is moot. We agree with Reesman and remand for resentencing.

### A. MOOTNESS

The State argues that Reesman's appeal is moot because, even though his offender score should have been reduced as a result of the two convictions being the same criminal conduct, Reesman has served more time than any new maximum sentence. Reesman asserts the issue is not moot because this court's determination would impact Reesman's offender score in hypothetical future sentencings. We hold that Reesman's appeal is not moot.

An issue is moot if reviewing courts "can no longer provide effective relief." *State v. Ingram*, 9 Wn. App. 2d 482, 490, 447 P.3d 192 (2019), *review denied*, 194 Wn.2d 1024 (2020). Generally, offender score calculations are moot when a defendant "has been released from confinement [and] is not on community custody . . . ." *State v. Harris*, 148 Wn. App. 22, 26-28, 197 P.3d 1206 (2008). However, determinations about whether two convictions are the same criminal conduct are not moot if the question may again arise about how the two convictions should

3

be scored. *See State v. Vike*, 125 Wn.2d 407, 409 n.2, 885 P.2d 824 (1994). In *Vike*, our Supreme Court addressed a question of whether two of the defendant's counts were the same criminal conduct. *Id.* at 409. The court reached the merits of the question even though the defendant had already completed his 90-day sentence. *Id.* The issue was not moot, according to the court, because "[s]hould Vike ever be sentenced again . . . , the question of how these two convictions should be scored will arise." *Id.* at 409 n.2; *see also State v. Raines*, 83 Wn. App. 312, 315, 922 P.2d 100 (1996) (a court can provide effective relief if a successful appeal can affect future sentencing decisions should the defendant reoffend).

Here, Reesman is challenging two of his convictions as the same criminal conduct. The State concedes that Reesman's convictions for unlawful possession of a firearm and possession of an unlawful firearm are the same criminal conduct. We accept this concession. Yet, because no party raised the issue at Reesman's resentencing, the trial court made no determination about these two convictions. In a hypothetical future sentencing, this question of how these two convictions should be scored will arise. *See Vike*, 125 Wn.2d at 409 n.2. Therefore, consistent with *Vike*, the issue is not moot.

B. MERITS OF INEFFECTIVE ASSISTANCE OF COUNSEL

Reesman argues that he received ineffective assistance of counsel at his resentencing hearing because his defense counsel failed to assert that his convictions for unlawful possession of a firearm and possession of an unlawful firearm for the same weapon are the same criminal conduct. Reesman asserts this failure constituted deficient performance that prejudiced him. We agree.

Claims of ineffective assistance of counsel are reviewed de novo. *State v. Vazquez*, 198 Wn.2d 239, 249, 494 P.3d 424 (2021). To show ineffective assistance of counsel, the appellant must show that their attorney's performance was deficient, and the deficient performance prejudiced the appellant. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *In re Pers. Restraint of Yates*, 177 Wn.2d 1, 35, 296 P.3d 872 (2013).

Counsel's performance is deficient if it falls below an objective standard of reasonableness. *State v. Grier*, 171 Wn.2d 17, 33, 246 P.3d 1260 (2011), *cert. denied*, 574 U.S. 860 (2014). Where there is merit to the issue, failure to argue same criminal conduct at sentencing can constitute deficient performance. *State v. Phuong*, 174 Wn. App. 494, 547-48, 299 P.3d 37 (2013) (counsel performed deficiently when they failed to argue same criminal conduct), *review denied*, 182 Wn.2d 1022 (2015); *State v. Saunders*, 120 Wn. App. 800, 824-25, 86 P.3d 232 (2004) (concluding that counsel's performance was deficient where counsel did not argue same criminal conduct and it was arguable that all elements of same criminal conduct were met), *review denied*, 156 Wn.2d 1034 (2006).

To show prejudice, the appellant must demonstrate a reasonable probability that the outcome of the proceeding would have been different if counsel had not performed deficiently. *State v. Johnson*, 12 Wn. App. 2d 201, 210, 460 P.3d 1091 (2020), *aff'd*, 197 Wn.2d 740, 487 P.3d 893 (2021).

Here, like the defendants in *Phuong* and *Saunders*, Reesman has shown deficient performance of his counsel. The State concedes that Reesman's convictions are, in fact, the same criminal conduct, which clearly demonstrates the issue had merit. *See State v. Hatt*, 11 Wn. App. 2d 113, 143, 452 P.3d 577 (2019) (unlawful possession of a firearm and possession of an unlawful

firearm for the same weapon are the same criminal conduct), *review denied*, 195 Wn.2d 1011; *cert. denied*, 141 S. Ct. 345 (2020). Given this concession, failing to argue same criminal conduct at Reesman's resentencing fell below the objective standard of reasonableness.

Additionally, Reesman was prejudiced by this deficient performance because there is a reasonable probability that the outcome of the resentencing would have been different. If same criminal conduct would have been argued at his resentencing, Reesman would have received a lower offender score, leading to a lower standard range. Considering the court resentenced Reesman to the maximum of the higher (and incorrect) standard range, Reesman would have necessarily received a lower sentence.

Moreover, as noted above, without correction of Reesman's offender score, *Vike* instructs that the issue of how these two convictions are scored could arise again in a future sentencing. Thus, prejudice also results from an incorrect offender score remaining on the judgment and sentence and the unpredictability that the score would lead to if Reesman reoffended.

Reesman received ineffective assistance of counsel. Accordingly, we remand for resentencing with Reesman's corrected offender score.

## II. STATEMENT OF ADDITIONAL GROUNDS

In his SAG, Reesman initially asserts four grounds for relief.[2] However, Reesman's explanations for these initial grounds are, at times, overlapping and unclear. Nevertheless, given the flexibility provided to defendants for SAGs as directed by RAP 10.10(c), we view Reesman's

---

[2] Ground 1 (counts I and II should be vacated because of lack of information given to Reesman); ground 2 (counts II and III are the same criminal conduct); ground 3 (1993 Oregon conviction is unconstitutional on its face); and ground 4 (under *Blake*, Reesman is "Actually Innocent" of 2008 judgment and conviction). SAG at 2.

SAG as a whole to formulate arguments that are as favorable to Reesman as possible. We reject each of his arguments.

A. DOUBLE JEOPARDY

Reesman asserts that punishment for both first degree unlawful possession of a firearm and possession of an unlawful firearm violates double jeopardy. We disagree.

Double jeopardy claims are of constitutional proportions and may be raised for the first time on appeal. *State v. Mutch*, 171 Wn.2d 646, 661, 254 P.3d 803 (2011). Constitutional claims are reviewed de novo. *Id.* at 661-62.

The double jeopardy clause of the Fifth Amendment "protects against multiple punishments for the same offense . . . ." *State v. Potter*, 31 Wn. App. 883, 886, 645 P.2d 60 (1982). In reviewing a double jeopardy claim, we first look to the language of the relevant statutes. *In re Pers. Restraint of Borrero*, 161 Wn.2d 532, 536, 167 P.3d 1106 (2007), *cert. denied*, 552 U.S. 1154 (2008). If the statutory language does not disclose any legislative intent to impose multiple punishments for the offenses, we next apply the same evidence test, which asks whether the offenses are identical in fact and in law. *Id.* at 536-37. "Under this test, double jeopardy principles are violated if the defendant is convicted of offenses that are identical in fact and in law." *Id.* at 537. But if each offense contains an element not contained in the other, requiring proof of a fact that the other does not, the offenses are not the same for double jeopardy. *Id.*

First, we review these two statutes, unlawful possession of a firearm and possession of an unlawful firearm, RCW 9.41.040 and RCW 9.41.190, to see if the language shows legislative intent to impose multiple punishments for the offenses. The statute for unlawful possession of a firearm, RCW 9.41.040(1)(a), states:

> A person, whether an adult or juvenile, is guilty of the crime of unlawful possession of a firearm in the first degree, if the person owns, has in his or her possession, or has in his or her control any firearm after having previously been convicted or found not guilty by reason of insanity in this state or elsewhere of any serious offense as defined in this chapter.

The statute for possession of an unlawful firearm, RCW 9.41.190(1)(a), states that it is unlawful for any person to:

> [m]anufacture, own, buy, sell, loan, furnish, transport, or have in possession or under control, any machine gun, bump-fire stock, undetectable firearm, short-barreled shotgun, or short-barreled rifle.

Nothing in the plain language of these statutes shows a legislative intent to impose multiple punishments for these offenses. The language reveals no intent one way or the other.

Next, we apply the same evidence test, that is, whether the offenses are identical in fact and in law, or whether each statute requires an element that the other does not. It is true that the labels for the crimes are very similar, but a comparison of the elements shows critical differences. Unlawful possession of a firearm requires that a person have a prior felony conviction to be convicted of first degree unlawful possession of a firearm, but possession of an unlawful firearm does not. And possession of an unlawful firearm requires that the firearm be of a particular type (here, a short-barreled shotgun), but unlawful possession of a firearm requires no similar level of specificity. Because the statutes each require an element that the other does not, we reject Reesman's argument that punishment for these crimes violates double jeopardy.

B. EFFECT OF *BLAKE* ON FIREARM CONVICTIONS

Reesman argues that his entire 2008 conviction is invalid because of *Blake*. If true, this would necessarily require vacating Reesman's convictions for unlawful possession of a firearm (counts I and II for the pistol and the shotgun) and possession of an unlawful firearm (count III).

Although a SAG need not contain citations to the record or authorities,[3] Reesman still fails to inform this court how *Blake* would affect these firearm convictions. Our Supreme Court in *Blake* held that Washington's possession of a controlled substance statute, RCW 69.50.4013, was unconstitutional because it lacked a knowledge requirement. 197 Wn.2d at 195. *Blake* only gives Washington courts authority to vacate convictions for possession of controlled substances. Thus, we reject Reesman's argument that *Blake* would affect his firearm-related convictions (counts I through III).

C. ADDITIONAL CLAIMS

Reesman raises several additional claims in his SAG related to his convictions, his sentence, and his guilty plea from Oregon that are outside the scope of this appeal or are based on facts outside of the record. Because we do not consider matters outside the scope of the direct appeal,[4] or matters relying on evidence outside of the record,[5] we reject each of Reesman's additional claims.

First, Reesman argues that his two convictions for unlawful possessions of a firearm for the pistol and the shotgun should be vacated because these convictions were tied to his former felony conviction in Oregon and he did not receive notice that he could not lawfully possess a firearm in Washington. Whether these convictions should be vacated because of notice Reesman may or may not have received about the consequences of his Oregon conviction relies on facts

---

[3] *See* RAP 10.10(c).

[4] *State v. Barberio*, 121 Wn.2d 48, 50-51, 846 P.2d 519 (1993).

[5] *State v. McFarland*, 127 Wn.2d 322, 338, 899 P.2d 1251 (1995).

outside of the record and is outside of the scope of this appeal. Therefore, we decline to address this claim.

Next, Reesman requests that this court vacate his possession of an unlawful firearm charge, arguing that his convictions for unlawful possession of a firearm and possession of an unlawful firearm are the same criminal conduct. But the remedy for convictions that are the same criminal conduct is adjustment of the offender score, not vacation of the convictions. *See* RCW 9.94A.589(1)(a) (multiple current offenses that encompass the same criminal conduct are counted as a single offense); *see Mutch*, 171 Wn.2d at 653 ("Remand for resentencing with the correct offender score would typically be the appropriate remedy."). And we have addressed the merits of this claim above.

Reesman also requests that the court vacate his Oregon second degree robbery conviction, arguing that it was unconstitutional for that court to accept Reesman's guilty plea when he was not informed of the rights he was waiving. Among other flaws, this claim relies on evidence outside of the record, including the circumstances surrounding Reesman's guilty plea in Oregon. Therefore, we decline to address this claim.

Finally, Reesman argues he is entitled to compensation for the time he served in excess of his new sentence. Potential recovery of monetary damages for time spent in prison due to an alleged wrongful imprisonment would likely need to be sought in a civil action and is outside the scope of this appeal.

No. 56102-6-II

CONCLUSION

We accept the State's concession that two of Reesman's convictions were the same criminal conduct and hold that Reesman's appeal based on ineffective assistance of counsel is not moot. We further hold that Reesman has established his claim for ineffective assistance of counsel. We reject the remainder of Reesman's claims. Accordingly, we reverse the judgment and sentence and remand for resentencing.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

GLASGOW, C.J.

WORSWICK, J.

11